ROSS *v.* MANHATTAN EL. R. CO. *et al.*

(*Superior Court of New York City, General Term.* January 6, 1890.)

1. ELEVATED RAILROADS—LIGHT AND AIR—TRESPASS.
   An easement of light, air, and access vests in a grantee of land abutting on a public street; and, after entering on the land, his enjoyment of the easement is a sufficient possession to enable him to maintain trespass for its appropriation for the purposes of an elevated railroad.

2. WITNESS—CROSS-EXAMINATION.
   After a lengthy cross-examination to show that plaintiff had notice of the construction of the railroad, that he had taken no proceedings against the company, and that he had used the road as a means of travel, the trial court may, in its discretion, refuse to allow a question as to whether, during all this time, plaintiff was reserving his objections; the operation of plaintiff's mind being irrelevant and immaterial to any question before the court.

3. APPEAL—HARMLESS ERROR.
   Where an expert witness states that the property at one time, before the construction of the road, was valued at $30,000, and that he had submitted an offer for that amount to a third person, it is not reversible error to refuse to strike out that portion of the answer relating to the submission; it not appearing that the testimony in any way affected the result.

Appeal from special term.

Trespass by William P. Ross against the Manhattan Elevated Railroad Company and another. From a judgment in plaintiff's favor, defendants appeal.

Argued before SEDGWICK, C. J., and INGRAHAM, J.

*B. Tolles*, for appellants.   *E. M. Philips*, for respondent.

INGRAHAM, J. An examination of the evidence has satisfied us that the amount awarded by the court as the damages sustained by the plaintiff, caused by the trespass, and the amount fixed by the court as the value of the property in the street appropriated by the defendant, were not excessive. We are also of the opinion that the finding "that, attached to the plaintiff's premises above described, as a part thereof, was an easement of light, air, and access over said Fifty-Third street, and appurtenant thereto, in front of and adjoining said premises, of which easement the plaintiff has been dispossessed since July 16, 1868," was sustained by the evidence. It was stipulated that Fifty-Third street, in front of the plaintiff's premises, was opened and laid out as a public street or highway in the year 1838, under and by virtue

of chapter 33, 2 Rev. Laws 1813, p. 270. There was offered in evidence a conveyance of the premises to plaintiff dated July 10, 1868; and it appeared that the plaintiff had owned the premises, and been in possession thereof, continuously from that date, which was prior to the erection of the elevated railroad. It thus appeared that by the opening of the street, and its appropriation as a public street under the act of 1813, that a contract was created between the public and the abutting owners by which the street was to be kept open as a public street forever, and that thereby an easement was created, appurtenant to the abutting premises, which inured to the benefit of such abutting owners. By the conveyance to the plaintiff of such abutting property, such easement vested in him, and it appeared by the evidence that he entered into possession thereof, and was enjoying such easement, when the same was appropriated by defendant for the purposes of its railroad; and it is clear that such possession was sufficient to sustain an action for trespass.

The only remaining questions that require examination are raised by exceptions taken by defendant to the admission of testimony, and to the denial of a motion to strike out part of an answer. After a lengthy cross-examination of the plaintiff, to show that he had notice of the construction of the railroad, and took no proceedings against the company, and that he had used the defendant's road as a means of travel between his residence and his place of business, counsel for defendant asked the witness the following question: "And during all this time you were reserving your objections?" when the court interposed, and said: "You have gone far enough on that point. You can ask no more questions on these points;" to which the counsel for the defendant duly excepted. It is clear that the question was entirely irrelevant and immaterial. The operation of the plaintiff's mind at that time had nothing to do with any question before the court. The examination of the witness had been exhaustive as to facts; and, if counsel for defendant had desired to ask any further question, he should have asked the question, and taken a ruling as to its admissibility. There was not the slightest proof offered which tended to show that the defendant had relied upon the acquiescence of the plaintiff in building its road, or that the plaintiff was in any way estopped from maintaining this action. The extent to which such a cross-examination should be allowed is largely in the discretion of the court; and such discretion was properly exercised in refusing to allow questions to be put which were absolutely immaterial, which did not tend to prove any issue presented by the pleadings, and which could not be asked for any other purpose except to waste time.

The other exceptions relied on by defendant is to the denial of a motion to strike out a part of the answer to a question put to a real-estate expert, as to what was the market value of plaintiff's premises at any time since 1883, and prior to the construction of the defendant's structure. The witness answered that that property was valued at one time as high as $30,000, and he had submitted an offer to Mr. Ross of $30,000. Plaintiff moved to strike out the portion of the answer stating that he had submitted an offer of $30,000, which motion was denied. That this testimony was incompetent to prove a value is clear, but the evidence as to the value of the property was competent; and this was simply a remark of the witness, as a basis for forming his judgment. While it would not have been error to have excluded the testimony, we do not think that it was incompetent, in the connection in which it was given, or that the testimony in any way affected the result. On the whole case, we think that there are no exceptions that require a reversal of the judgment; and it should therefore be affirmed, with costs.