### KUH v. METROPOLITAN EL. RY. CO. *et al.*

*(Superior Court of New York City, General Term. May 5, 1890.)*

1. ELEVATED RAILROADS—INJURY TO ABUTTERS—EVIDENCE.
   In an action to enjoin the maintenance of defendants' elevated railroad in a street in front of plaintiff's premises, and for damages caused by its operation, error, if any, in permitting plaintiff to testify what he was offered for his property before the railroad was constructed, is not ground for the reversal, where it fully appears that the award for loss of fee value is a reasonable one, and bears the usual relation between fee and rental value at the legal rate of interest.

2. SAME—INJURY TO OTHER PROPERTY.
   Testimony that owners of property in the neighborhood of plaintiff's premises had difficulty in renting their flats after the road was built, was competent as tending to show the uniform operation of a general cause, and that plaintiff's loss of rents was not attributable to his neglect.

Appeal from equity term.

Action by Alexander Kuh against The Metropolitan Elevated Railway Company and the Manhattan Railway Company to restrain the maintenance and operation of defendants' elevated railroad in front of plaintiff's premises, No. 879 Sixth avenue and 2405 and 2407 Eighth avenue, New York city, and to recover damages. The judgment awarded plaintiff $1,452.68 damages and costs, and contained an injunction, unless within a time fixed defendants should pay $2,500 as the price of his Sixth-Avenue property taken for the pur-

poses of the railroad, and $1,000 as the price of his Eighth-Avenue property taken for said purposes.    Defendants appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.

*Davies & Rapallo,* for appellants.    *Peckham & Tyler,* (*Charles A. B. Pratt,* of counsel,) for respondent.

FREEDMAN, J.    The only questions presented for review are raised by exceptions taken by the defendants to the admission of testimony.    Assuming that it was incompetent for the plaintiff to show that he was offered $42,000 for his Sixth-Avenue property before the defendants' railway was constructed, yet it sufficiently appears from the whole case that the defendants were not prejudiced by it.    The testimony of defendants' experts seems to have been wholly discarded.    Upon the testimony of plaintiff's experts, four times the amount which was awarded as damage to fee value might have been awarded.    Upon testimony which was competent, sufficient, and found worthy of belief, the trial judge found, during a period of six years, an actual loss of rental value amounting to $150 for each year.    It thus fully appears that the award of $2,500 for loss of fee value, which was made, is a reasonable one, under all the circumstances.    It bears the usual relation between fee value and rental value, at the legal rate of interest.    A somewhat similar question was presented to this court in *Ross* v. *Railroad Co.,* 8 N. Y. Supp. 495, decided during January, 1890, and it was held no ground for reversal.

The testimony admitted as regards plaintiff's Eighth-Avenue property, to the effect that other owners of property in that neighborhood had difficulty in renting their flats after the construction of the elevated railroad, was proper, under all the circumstances.    It tended to show the uniform operation of a general cause, and that plaintiff's loss of rents was not attributable to his own neglect, and consequently it also had a legitimate bearing upon the question of fee value as affected by loss of rents.    The judgment should be affirmed, with costs.    All concur.