AUGUSTINE L. McCREA, as Executrix of the Last Will and Testament of Edward P. McCrea, et al., Respondents, against THE NEW YORK ELEVATED RAILROAD COMPANY et al., Appellants.

(Decided June, 1885, and February 1st, 1886).

In an action for injuries occasioned by the taking or impairing of easements appurtenant to real property owned by tenants in common, and by maintaining a continuing nuisance to the same property, in which it appears from the complaint that one of the plaintiffs sues, as executrix, in respect of injuries during the life-time of her testator, and also, as his devisee, in respect of injuries since his death, the other tenants in common being all properly joined as plaintiffs, the complaint is not demurrable on the ground of misjoinder of parties plaintiff.

APPEAL from an interlocutory judgment of this court overruling a demurrer to a complaint.

The facts are stated in the following opinion rendered upon trial of the demurrer at Special Term, June, 1885.

J. F. DALY, J.—Mrs. McCrea, as executrix of Edward P. McCrea, and also suing in her own right as devisee of the said Edward, is joined as plaintiff with three other persons who, with the said Edward, were the owners as tenants in common of the premises situated on the north-westerly corner of Greenwich and Rector Streets, at the time that the structures of the elevated railway, which are complained of in this action, were erected in Greenwich Street.

It is argued that the complaint sets forth the following causes of action :

First, an action for damages occasioned by the taking or impairing of easements in light, air, and access appurtenant to the property; that these damages accrued to the parties who owned the premises at the time of the taking of the property, that is to say, when the elevated railway structure was erected; and as this took place when Edward P. Mc-Crea was living, the cause of action belongs to his executrix and to the surviving tenants in common with him; in an action for damages to the land all the tenants in common must join (*Dupuy* v. *Strong*, 37 N. Y. 372; 3 Keyes 603) : Second, a cause of action for damages for a continuing nuisance in running trains over the structure; that for such damages as had accrued up to the death of Edward P. Mc-Crea his executrix is the proper party plaintiff; and for such as accrued since his death his devisee, the present owner, in common with the other tenants, is the proper party plaintiff.

All the other plaintiffs except Mrs. McCrea are proper parties to all the causes of action set forth. Mrs. McCrea is both executrix and devisee, and in the former capacity is entitled, with the other plaintiffs, to recover the damages

accruing up to her husband's death, and in the latter capacity is entitled, with the other plaintiffs, to the damages accruing after his death.    The question is whether she can unite both her causes of action in one complaint, it being conceded that the other plaintiffs might do so, as far as their recovery is concerned.

Although the demurrer is for a misjoinder of parties plaintiff, it is in effect a demurrer for uniting improperly two different causes of action on the part of Mrs. McCrea. It would seem unfortunate if these causes of action (which in this case are united in one individual, although she is to recover in different capacities) must be severed, for it requires the splitting of what would be a single cause of action in her co-plaintiffs, viz., the claim for continuing damages.    I think we have authority for holding that there is not an improper union of causes of action, and consequently not an improper joinder of parties plaintiff.

In the case of *Armstrong* v. *Hall* (17 How. Pr. 76), the plaintiff was allowed to sustain her action in the two capacities of executrix and of devisee.    In the latter capacity she claimed rent of a farm leased to the defendant by her devisor, which rent accrued after the death of the latter, and in the former capacity she claimed for breaches of covenants in the lease.    The cause of action accruing to her individually was held not improperly joined with the cause of action which she had in her representative capacity, because both demands grew out of the same transaction, and because the testator, if living, would have had but one cause of action.    These reasons apply to this case.

Demurrer overruled, with leave to answer on payment of costs of demurrer.

From the interlocutory judgment overruling the demurrer to the complaint, entered upon the foregoing decision, defendants appealed.

*Julien T. Davies* and *Charles A. Gardner,* for appellants.

*Joseph R. Flanders,* for respondents.

McCrea *v.* New York Elevated R. R. Co.

LARREMORE, Ch. J.—This is an appeal from an order overruling a demurrer to the complaint and granting leave to answer on payment of costs.

The demurrer is based upon the supposition that there has been a misjoinder of parties plaintiff, and that two causes of action have been improperly connected.

It is contended that Mrs. McCrea, suing as executrix of Edward P. McCrea, and also in her own right as one of his devisees, is improperly joined with the other plaintiffs in the action.

Section 490 of the Code provides that the demurrer must distinctly specify the objection to the complaint. An objection under subdivisions 1, 2, 4 and 8 of section 488 may be stated in the language of the subdivision. An objection under the other subdivisions of said section must point out the particular defect relied upon. The demurrer in this case seems to fall within the provisions of subdivisions 5 and 7, and it does not therein appear what the defect is. But, apart from this objection, it does appear from the complaint, as a whole, that the plaintiff has an interest in the cause of action, and is a proper party to its final determination. This action is on the equity side of the court, in which all parties having an interest, contingent or otherwise, are required to be brought in, in order to obtain a final adjudication of the matters in dispute. That a party has asked for more relief than he was entitled to is no ground of demurrer. If he is entitled to any relief he is properly joined in the action (*Price* v. *Brown*, 10 Abb. N. C. 67, and cases there cited).

The order appealed from should be affirmed, with costs.

ALLEN and BOOKSTAVER, JJ., concurred.

Judgment affirmed, with costs.