SHEPARD *et al.* v. MANHATTAN RY. CO. *et al.*

*(Superior Court of New York City, General Term.* May 6, 1889.)

1. ACTION—JOINDER OF CAUSES—INJUNCTION—DAMAGES.

A complaint seeking to enjoin the maintenance of an elevated railroad in front of plaintiffs' property, and for damages theretofore caused by its maintenance, contains but one cause of action, the recovery of damages being incident to the relief by injunction.

2. PARTIES—JOINDER—HEIRS.

The heirs of a co-owner who died after the construction of the railroad the maintenance of which is sought to be enjoined, have an interest in the subject-matter of the action, within Code Civil Proc. N. Y. § 446, and are proper parties plaintiff.

3. SAME—ADMINISTRATRIX.

The administratrix of the deceased co-owner is a proper plaintiff, as she is entitled to the damages that had accrued at the time of his death.

4. DOWER—REMEDIES—INJUNCTION.

The interest of a widow before dower is assigned may be protected by injunction against injuries to the land in which she might have an estate in dower.

Appeal from special term.

Action by Robert Shepard, Mary N. Shepard, Frances S. Shepard individually and as administratrix, etc., and Irene N. Shepard, and others, infants, by their guardian *ad litem,* against the Manhattan Railway Company and the Metropolitan Railway Company, lessor of the Manhattan Railway Company. Plaintiffs sought an injunction restraining the defendants from maintaining and operating an elevated railway in front of plaintiffs' premises, known as "Standard Theatre," situated on Broadway, in the city of New York, and demanded judgment for the amount of damages sustained by reason of the existence of said railway and structure. From an interlocutory judgment entered on an order overruling a demurrer to the complaint, defendants appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.

*Davies & Rapallo, (Brainard Tolles,* of counsel,) for appellants. *Peckham & Tyler,* for respondents.

SEDGWICK, C. J. The only ground taken on the argument as a reason for reversal was that the complaint unites causes of action which do not affect all the parties, under section 484, Code Civil Proc., which declared, after union of causes had been allowed by the previous section, "But it must appear, upon the face of the complaint, that all the causes of action so united, belong to one of the foregoing subdivisions of this section; that they are consistent with each other; and, except as otherwise prescribed by law, that they affect all the parties to the action." Leaving unconsidered for awhile the effect of making a party plaintiff, or parties plaintiff, Frances S. Shepard individually and as administratrix of Francis N. Shepard, it may first be said there is not in the complaint more than one cause of action. That is an equitable cause of action for an injunction, which carries with it an equitable right to recover the damages that have followed from the trespass, as to which the plaintiffs have the remedy of an injunction. This latter right to damages is not a separate legal cause of action, but a part of an equitable cause of action. In such cases it is proper to make any one who has a common or joint interest in the dam-

ages actually done, or in any part of them, a party plaintiff. Section 446, Code Civil Proc.; Story, Eq. Pl. §§ 72–76a. It is not a misjoinder if all the plaintiffs have an interest in the action, although it is not a co-extensive interest. A tenant for life and remainder-man may join as plaintiff in a suit that concerns their interest in the estate, (Story, Eq. Pl. § 27a;) a fortiori, where the action concerns a common interest. All this is in part grounded on the equitable consideration that as few litigations as possible should be made against the defendants. The injunction asked was against the continued operation of the elevated road of the defendants and the maintenance of its structure. The remedy for this was one equitable cause of action for the injunction and the recovery of the damages caused, at least, before the bringing of the action. Before 1887 the plaintiff Robert F. Shepard, Mary N. Shepard, and Francis N. Shepard were the tenants in common of the premises affected by the railroad. In 1887 Francis N. Shepard died, leaving, as his heirs, his children. The children became tenants in common with the owners of the other two undivided third parts. Although the heirs could not recover for damages before the death of their father, yet, under the rules stated, it was proper to make them plaintiffs. The other tenants in common had a right to recover damages inflicted continuously from before the death of the father of the children and afterwards to the bringing of the action, at least. The children had a right to the one-third of the damages from the time of their father's death. All the tenants in common had become interested in the damage done. No question is made as to how infant heirs, when plaintiffs, should be represented.

Now, going to the joinder of Frances S. Shepard as administratrix and individually, it should be held that she had a right as administratrix to the damage that had been suffered by the land owned by her intestate Francis N. Shepard, and that had been suffered before his death, and for that reason could be made plaintiff. I will also hold that her personal interest as widow without dower assigned was such an interest that it might be protected by injunction against the effects upon the land in which she might have an estate in dower. This is an inference from *Simar* v. *Canaday*, 53 N. Y. 298. The same case supports the joinder of the other parties. I further suggest that as to Frances S. Shepard, individually, the question is not whether she is entitled to recover as having a right of dower before assignment, but whether her claim to be so entitled, from its nature, is a part of an alleged cause, so that she could be a plaintiff. The judgment and order should be affirmed, with costs. All concur.