PAPPENHEIM *v.* METROPOLITAN EL. RY. CO. *et al.*

(*Superior Court of New York City, General Term.* November 22, 1889.)

APPEAL—REVIEW—INCONSISTENT FINDINGS.

Where an appeal is taken on exceptions to the conclusions of law, and there is a separate and distinct finding of fact, unqualified in form, in irreconcilable conflict with the conclusions of law and the judgment, the judgment cannot stand, though from the other findings, which fully sustain the conclusions of law and the judgment, it appears that the finding was made by inadvertence.

Appeal from equity term.

Action by Lena Pappenheim against the Metropolitan Elevated Railway Company and the Manhattan Railway Company. Judgment for plaintiff, and defendants appeal.

Argued before FREEDMAN, TRUAX, and INGRAHAM, JJ.

*Davies & Rapallo,* (*Brainard Tolles,* of counsel,) for appellants.   *Sackett & Bennett,* (*Charles Gibson Bennett,* of counsel,) for respondent.

FREEDMAN, J. This is an appeal from a judgment rendered at an equity term of this court, after a trial of the issues. The plaintiff sued as the owner of certain easements appurtenant to certain premises situate on Second avenue, in the city of New York, which were alleged to have been taken, or at least seriously impaired, by reason of the construction, maintenance, and operation of the elevated railway of the defendants in front of plaintiff's premises. The judgment awarded damages to the plaintiff for the injuries inflicted in the past, and also gave an injunction to prevent the continued maintenance and operation of the railway, unless a certain compensation was made. The whole theory of the action is that the construction, maintenance, and operation of the elevated railway constitute an excessive and inconsistent street use, and that by reason of such construction, maintenance, and operation Second avenue had not been kept open in like manner as the other public streets and avenues in the city of New York are, and of right ought to be. But the learned trial judge, after finding that Second avenue, past and in front of plaintiff's premises, had been laid out and opened as a public avenue under the act of 1813, further found as matter of fact that the said avenue from thenceforth, viz., its opening, continuously has been and now is appropriated and kept open for a public avenue, highway, and thoroughfare in the city of New York, in like manner as the other public streets and avenues in the said city are, and of right ought to be. This finding is in irreconcilable conflict with the conclusions of law of the learned trial judge, and with the judgment herein. From the fact that there are other findings which fully sustain the conclusions of law and the judgment, the fair inference is that the finding referred to was made by inadvertence. It was made on the application of the plaintiff, and probably was not intended to be an unqualified finding. But in form it is unqualified, and it was made as a separate and distinct finding. This being so, and the court of appeals having repeatedly held that whenever two findings of fact are inconsistent the appellant is entitled, in support of his exceptions to the conclusions of law, to have that taken as true which is the more favorable to himself, (*Bonnell* v. *Griswold,* 89 N. Y. 122; *Schwinger* v. *Raymond,* 83 N. Y. 192; *Conselyea* v. *Blanchard,* 103 N. Y. 231, 8 N. E. Rep. 490; *Redfield* v. *Redfield,* 110 N. Y. 671, 18 N. E. Rep. 373; *Green* v. *Roworth,* 113 N. Y. 462, 21 N. E. Rep. 165,) a new trial must be ordered.

Another serious question is presented by the fact that the plaintiff acquired title to the premises to which the easements are claimed to be appurtenant three or four years after the construction and the commencement of the operation of the elevated railway, and that she failed to connect herself with the street-opening proceeding in which the easements originated, or with the title of some one who, as owner of the premises, had a right to the easements prior

to the construction of the elevated railway. The defect, if it be any, may be obviated on a new trial,—which, as already shown, must be had,—and consequently it is not deemed necessary to decide the question now, nor to express any opinion on the remaining questions which have been argued. Judgment reversed, and new trial ordered, with costs to appellants, to abide the event. All concur.