SANDERS *v.* NEW YORK EL. R. CO. *et al.*

(*Common Pleas of New York City and County, General Term.* December 2, 1889.)

ABATEMENT AND REVIVAL—WHAT ACTIONS MAY BE REVIVED.

An action for an injunction, in which incidentally damages for the maintenance of a railroad are demanded, is not an action for trespass, and on the death of plaintiff may be revived in the name of his devisee and executor.

Appeal from special term:

Argued before LARREMORE, C. J., and BOOKSTAVER and VAN HOESEN, JJ.

*Edward C. James,* for appellants.    *Henry G. Atwater,* for respondent.

LARREMORE, C. J.    This action was commenced by the late Charles W. Sanders. He died seised of the premises to which the action relates, and leaving a will, in and by which he appointed his wife, Elizabeth B. Sanders, sole executrix, and made her sole devisee of his real estate. The present appeal is from an order reviving the suit, and directing it to be continued in the name of said Elizabeth B. Sanders individually and as executrix. The main contention of the learned counsel for the appellants is founded on the assumption that the present action is a common-law action for trespass. The case of *Dyckman* v. *Allen*, 2 How. Pr. 17, (a special term decision,) is cited, which holds that an action for trespass abates upon the death of one of several plaintiffs, and cannot be continued in the name of the survivors. From such proposition of law the learned counsel argues that the case at bar abated upon the death of the sole original plaintiff, and that, in order to pursue her remedy for an injunction, Mrs. Sanders must, as devisee, begin a new action. But this suit is not technically an action for trespass. It is an action for an injunction, in which incidentally damages for the maintenance of the elevated railroad are demanded. Undoubtedly the former principles of law on this subject have been modified, and quite materially extended, to fit the peculiar exigencies of these litigations. In *Shepard* v. *Railway Co.*, 5 N. Y. Supp. 189, it was held that the claim for the injunction and for damage constitute but a single cause of action, and that the heirs of a co-owner and his administrators are proper parties to be joined as plaintiffs. The tendency of the decisions has been to bring these actions into the general class of equitable actions founded upon the title to real estate, such as actions for partition, for specific performance, etc. It is the settled rule in equity that such actions do not abate upon the death of the plaintiff, but may be revived and prosecuted in the name of the proper successors in interest. *Hoffman* v. *Tredwell*, 6 Paige, 309; *Douglass* v. *Sherman*, 2 Paige, 359; *Earl of Durham* v. *Legard*, 34 Beav. 442; *Jackson* v. *Ward*, 1 Giff. 30. It is conceded that all the rights demanded by the original plaintiff pass in some form or forms to some person or persons. Regarding the case at bar, therefore, not as an action for trespass, but simply as an action in equity affecting rights in real estate, it should be revived in its entirety. This course was adopted in granting the order appealed from. We have formerly held (*McGrea* v. *Railroad Co.*, 13 Daly, 302) that a devisee and executrix might properly join in bringing one of these actions. It follows that if the action is to be revived the devisee and executrix are the proper persons to be substituted as plaintiffs. See, also, *Shepard* v. *Railway Co., supra.* A revival precisely similar to the one here complained of was made in *Henderson* v. *Railroad Co.*, 78 N. Y. 423. A testator died *pendente lite*, and the suit, which was for an injunction and damages against the Central Railroad Company for depriving said testator of land, was revived in the name of his devisees and executors, and in such form prosecuted to judgment. It appears that the revival was by order of the court, but whether the points which appellants now raise were taken

and discussed, or such order was made without opposition, the reported record of the case does not disclose. In any event, we approve of the course there adopted. The order appealed from should be affirmed, with costs.