By the Court.—Sedgwick, Oh. J.
This is an action for an injunction against the defendants running their elevated railway in front of premises of plaintiff and for damages.
The only point that calls' for particular attention is based upon the fact, that the. plaintiff acquired title by conveyance from one Love, after the defendants had taken the easements, which the plaintiff claims to be his property. On the trial, and on this appeal,'the defendants claimed that there was no evidence that the railroad was constructed and put in operation there without the consent of the owner at the time of construction.
To this two answers may be made. The first is, that it appears that Love, the grantor of plaintiff, was in possession' of the premises at and before the time the railway was built, and that Love was then entitled, as owner of the lot, to the easements as appurtenances. This title would exist upon common law rules if there were not proof that the street had been opened under the act of 1813. The consequences of this opening were that the fee of the bed of the street-went to the city, and the owners of the abutting lots had, appurtenant to them, the easements. In the absence of proof that this appurtenance had been extinguished or conveyed, the presumption would be that it was attached to the lot, as owned by Love. When the defendants took part of these easements, when owned by Love, there was no presumption that they had given due compensation. They appeared to be trespassers; and to show that the contrary was the fact it was necessary for the defendants to affirmatively allege and prove that they had given due compensation. This seems to me to be strengthened by the second answer to the defendants’ proposition.
The second answer is, that the defendants, as found at their request before the trial of this action, *376 instituted proceedings in the Supreme Court, pursuant to statute for the condemnation of so much of the privilege, easement or other interest in West Fifty-third street, as was taken, appropriated or interfered with by the construction and maintenance of their railroad belonging to or claimed by the plaintiff and appurtenant to the lot and premises No. 121 West Fifty-third street, etc. This is an admission that the railroad holds their position in front of plaintiff’s premises in subordination to the right of plaintiff to compensation. In the absence of explanation the result of the testimony, as given, would be that when the plaintiff acquired title, the defendants were wrongfully holding the easement.
The court below was justified in holding, that the defendant was not entitled to a provision in the judgment that the injunction given by it should cease to be operative, when any award given in the condemnation proceedings, already referred to, should be paid as directed by the statute. The defendants had no absolute right to a provision for a contingency that would occur after the judgment should be given. At that subsequent time the defendants' might assert and enjoy all the advantages given by the law with regard to the facts as they should then appear.
The judgment should be affirmed with costs.
Freedman J., concurred.
Same case.
Same term.
Appeal oy defendants from order denying their motion to permanently suspend the operation of the injunction given by the judgment.
Same counsel.
By the Court.—Sedgwick, Ch. J.
The judgment *377 referred to, is the judgment that has just been affirmed.
The motion asked that the injunction be suspended permanently or perpetually. The ground of the motion was, that since the judgment an award had been made in proceedings taken to condemn the property of plaintiff, which was the easement that the court found in the judgment had been appropriated by the defendants, and that such award had been paid into court as directed by the statute.
There was no objection made by the plaintiff as to the regularity of the proceedings. The motion was resisted on two grounds. One was, that the judgment had adjudicated that the value of the property taken was greater than that awarded in the condemnation proceedings. The other was, that the judgment had adjudicated that the defendants were not entitled to a dissolution of the injunction upon payment of an award in condemnation proceedings.
It is true that for the purpose of determining when the injunction in the judgment, might, as a privilege to defendants, be put at an end, the court found the value of the easement taken. This, however, was to be the cpnsideration for which the plaintiff was to convey to the defendants the property. The substantial provision was that when the plaintiff ceased to own, and the defendants became owners, the injunction should not be continued further. The judgment did not intend that if the defendants became owners, on whatever terms, they should not enjoy the legal consequences of being owners.
I do not think that there was any adjudication in the action that, upon the payment of the award in the future, the defendants would not have a right that .the injunction be ended. The whole force of the refusal to find as requested by the defendants on that subject, was that in the then condition of *378 the facts such a provision should not be made. The question was not raised as to what would be the rights of the defendants, after an award was in fact paid.
No objection was taken as. to the propriety of the remedy invoked, if the merits were with the defendants. There seems to be no objection to such relief being had upon motion.
In my judgment, if in fact the defendants have become the owners of that part of plaintiff’s easement which the injunction prevented them from further using, the plaintiff has ceased to have a right to an injunction. And the only question to be answered is, Have the defendants become such owners ?
The 18th section of the General Railroad Act, passed April 2, 1850, declares that “ on the payment or deposit by the company of the sums to be paid as compensation for the land, and for costs, expenses and counsel fees, as aforesaid, and as directed by said order, the company shall be entitled to enter upon, take possession and use the said land for the purposes of its incorporation during the continuance of its corporate existence, * * and all persons who have been made parties to the proceedings shall be divested and barred of all right, estate and interest in such real estate, during the corporate existence of the company.”
The order appealed from should be reversed and the motion should be granted. Neither side has adverted to the proper terms or conditions of such an order. Suggestions of both sides will be heard upon the settlement of the form of the order which is to be upon notice.
Freedman, J., concurred.