## DOYLE *v.* MANHATTAN RY. CO. *et al.*

(*Common Pleas of New York City and County, General Term.* February 3, 1890.)

ELEVATED RAILROADS—INJURIES TO ABUTTERS—EVIDENCE.

In an action for damages to abutting property resulting from the construction of an elevated railway in the street, it is prejudicial error to exclude evidence offered by defendant bearing on the course of trade, and any possible increase of business in the vicinity since the building of the road.

Appeal from equity term.

An equity action to recover damages sustained by reason of the existence of the Metropolitan Elevated Railroad structure in front of plaintiff's premises in New York city, and for an injunction against the continuance of the obstruction in the street and the operation of the road. The judgment awarded plaintiff $12,000 damages, and enjoined defendants from the further operation of the road, unless they paid her $16,000 for the right to use the street in front of her premises. Defendants appeal.

Argued before LARREMORE, C. J., and BOOKSTAVER and BISCHOFF, JJ.

*Davies & Rapallo,* (*Edward S. Rapallo* and *Brainard Tolles,* of counsel,) for appellants. *Peckham & Tyler,* (*W. G. Peckham,* of counsel,) for respondent.

LARREMORE, C. J. There is one group of exceptions in this case which seem to render a reversal of the judgment inevitable. A number of witnesses who professed to be familiar with general business on the Sixth avenue were asked by defendants' counsel the question, "What has been the effect of the elevated railroad upon business in Sixth avenue?" This question was followed by others of similar import, such as: "What has been the course of business in that vicinity, since the elevated railroad was built in that vicinity?" "State whether, since the elevated railroad has been built in that street, business has increased over what it was before the elevated." "Has there been a change in Sixth avenue, in regard to the amount and character of business done there since the elevated railroad, from what there was before the road?" All of these questions, and all evidence bearing upon the course of trade, and any possible increase of business value of the property since the building of the road, were excluded. We think this was error, and that it may have resulted in very substantial injustice. In *Drucker* v. *Railway Co.,* 106 N. Y. 157, 12 N. E. Rep. 568, the court of appeals had before it the converse of the present question. Evidence had been admitted tending to show that since the erection of the elevated road trade and business had fallen off in Division street. It was claimed that this was error, but the court of last resort held that proof of the general deterioration of a neighborhood for business purposes was a proper factor to be considered in determining the damage to any individual's property. "But, to measure and appreciate that individual loss, the nature and extent of the general injury was necessarily to be considered. To ascertain how much the plaintiff was harmed by the impairment of his easement required a survey of the general facts, and a deduction from them of the particular and special damage to be estimated." If this principle is to be applied against the elevated road, common fairness requires that the road should be given the opportunity to invoke the same doctrine in its favor, if it can. If defendants produce witnesses who will testify that, since the

building of the road, business has increased, and that the business portions of the property in question are more valuable in consequence of the existence of the road, such evidence should be heard, and given whatever weight the court considers it entitled to. The court or jury might not believe such witnesses, and, even if their testimony were accepted as true, the damage to the residential portions of the building might more than neutralize any increase of rental value in the shops on the ground floor. But the case sought to be proved was one of the circumstances to be considered, and was something which, if the court credited it, would have borne very materially upon the general question of the amount of damages to the building. The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.