SANDERS *v.* NEW YORK EL. R. CO. *et al.*

(*Common Pleas of New York City and County, General Term.* June 2, 1890.)

1. ABATEMENT AND REVIVAL—WHAT ACTIONS MAY BE REVIVED.
    An action for an injunction, in which incidentally damages for the maintenance of a railroad are demanded, is not an action for trespass, and on the death of plaintiff may be revived in the name of his devisee and executor. Affirming 7 N. Y. Supp. 641.

2. TRIAL—FINDINGS—SURPLUSAGE.
    In an action for damages to abutting property caused by the operation of an elevated railway, the finding of fact referring to smoke, steam, gas, and cinders, of which there was ample proof, stated that grease, oil, and water, of which there was no evidence, were allowed to drop from passing trains, and fall in front of plaintiff's premises. No motion was made to amend the finding, and the judgment was apparently just on its merits. *Held,* that the statement would be treated as surplusage by the general term. Distinguishing *Pappenheim* v. *Railway Co.,* 7 N. Y. Supp. 679.

Appeal from equity term.

Action by Elizabeth B. Sanders, as devisee and executrix under the will of Charles W. Sanders, deceased, to restrain the New York Elevated Railroad Company and the Manhattan Railway Company from further operation of their elevated railway in front of plaintiff's premises, 41 Third avenue, New York city, and to recover damages already sustained by reason thereof. From the judgment entered in favor of plaintiff the defendants appeal. For former report, see 7 N. Y. Supp. 641.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Davies & Rapallo,* (*Brainard Tolles* and *Alexander S. Lyman,* of counsel,) for appellants. *Peckham & Tyler,* (*Henry G. Atwater,* of counsel,) for respondent.

LARREMORE, C. J. Our former decision in this action, affirming the order of revivor, (7 N. Y. Supp. 641,) expressly disposes of the first point raised upon this appeal. We think, also, that necessary inferences to be drawn from such decision must overrule appellants' second point. They contend that they should have been granted a jury trial as to the claim for past damages for loss of rentals before the testator's death. Our decision was that this action, which was pending at the time of Mr. Sanders' death, was and is an action in equity for an injunction, in which the question of damages is merely incidental and alternative. It was revived in its entirety as an equitable action, and must be preserved in its integrity as an equitable action.

There remains the point that the learned trial judge included in one of his findings of fact a statement that grease, oil, and water were allowed to drop from passing trains, and fall on Third avenue in front of said premises. There is no evidence to support such conclusion, and we cannot look upon it as anything but an inadvertence. It does not constitute an independent finding, but is included in the one referring to smoke, steam, gas, and cinders,

as to all of which there is a great deal of proof. This is not an instance of basing a judgment upon insufficient evidence, or no evidence at all. Here, in addition to the evidence upon the issues which have been tried, appears what purports to be a finding upon an issue which had not been tried. It is obvious that the judgment was intended to rest upon the findings on the issues actually discussed at the trial. The trial judge might have entertained a motion to amend his findings in this respect, if the matter had been called to his attention. It is evident, upon inspection of the whole case, that this apparent error could not have had any influence on the result. We will not presume, for the sake of reversing a judgment apparently just on the merits, that the judge, in order to enhance the damages, took into consideration elements not proved before him, and not even mentioned or referred to during the hearing. We think, under the circumstances, the obnoxious clause may be disregarded as surplusage, and treated as if actually expunged. We do not regard the case of *Pappenheim* v. *Railway Co.*, 7 N. Y. Supp. 679, as controlling. There the inadvertent finding was utterly irreconcilable with, and antagonistic to, the judgment, and was moreover made as a separate and distinct finding. That decision was put upon the ground that, where two findings of fact are inconsistent, the appellant is entitled, in support of his exceptions, to have that taken as true which is the more favorable to himself. The case at bar is distinguishable from the case cited.

The judgment appealed from should be affirmed, with costs.