DOYLE *v.* MANHATTAN RY. CO. *et al.*

*(Common Pleas of New York City and County, General Term.* June 2, 1890.)

APPEAL—REHEARING.

Where, on appeal, judgment has been reversed because of the erroneous exclusion of evidence, a rehearing will be granted upon a showing by respondent that similar evidence to that excluded was admitted upon the trial without objection, and that the excluded evidence was merely cumulative.

Motion for reargument. See 8 N. Y. Supp. 323.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*W. G. Peckham,* for the motion. *Edward S. Rapallo* and *Brainard Tolles,* opposed.

BISCHOFF, J. The ground upon which reversal herein was directed by the January general term, 1890, (8 N. Y. Supp. 323,) is stated in the opinion of Chief Justice LARREMORE to be the erroneous exclusion by the learned trial justice of evidence offered on the part of the defendants tending to show that the premises affected by this action, with other property along the line of Sixth avenue, have been greatly benefited and enhanced in value by the construction and operation of defendants' elevated railroad. And the opinion of the learned chief justice that the exclusion of such evidence constitutes error has since been fully sustained by the court of appeals in *Newman* v. *Railway Co.,* 23 N. E. Rep. 901, (decided March, 1890.) The respondent, on this motion for leave to reargue the appeal, while she admits the exclusion of the evidence referred to in the opinion of the learned chief justice, claims that evidence of like effect with that which was excluded was admitted upon the trial without objection, and her claim in this respect appears to be corroborated by an examination of the proceedings had before the trial justice. The following witnesses for the plaintiff on cross-examination testified without objection to the beneficial effect of the elevated railroad upon property along the line of Sixth avenue: Waterloo and Stevens; and witnesses for defendants, Blackwell, Campbell, Plass, and Lockwood, testified with similar import without objection. Therefore the testimony excluded appears to have been cumulative only of the testimony admitted, and no harm can be said to have accrued to defendants from such exclusion. No request to find as matter of fact that the plaintiff's premises were beneficially affected by the construction and operation of the defendants' road appears to have been submitted by the defendants, and the case on appeal fails to indicate that the evidence admitted

did not receive the due consideration of the learned trial justice, but, on the contrary, the meagerness of the amount at which the fee damage has been estimated would lead to the belief that in fixing upon that amount the learned trial justice had in his mind the possible enhancement in value of the plaintiff's premises upon the extension of business along the line of Sixth avenue partly attributed by the witnesses whose testimony was admitted to the construction and operation of the defendants' railroad. In view of the foregoing, I think the respondent's motion for reargument of this appeal should be granted.