WERFELMAN *et al. v.* MANHATTAN RY. CO. *et al.*

*(Common Pleas of New York City and County, General Term. June 18, 1890.)*

1. ELEVATED RAILROADS—INJURIES TO ABUTTERS—RIGHTS OF VENDEE.
    One who purchases property abutting on a street subsequent to the erection thereon of an elevated railroad may maintain an action to restrain the operation of the road, or for damages for the invasion of easements thereby.

2. SAME.
    Evidence that plaintiff is in possession of the abutting land under a recorded deed, claiming a fee, is sufficient proof of his right to the easements to maintain such action, especially where it appears that defendant has commenced proceedings to acquire title to such easements by condemnation proceedings.

3. SAME—EVIDENCE.
    Evidence of experts as to what would have been the value of the property if the road had not been built is admissible.

4. SAME—FINDINGS.
    It was not error to refuse to make a finding of the abstract proposition that any benefits accruing to the property from the elevated road were to be set off against any damage which might have been sustained.

5. SAME—DAMAGES.
    A recovery was properly allowed for the loss of rental value during the time covered by an unexpired lease outstanding when plaintiff purchased the property, the lease having been made after the building of the road.

On rehearing. Appeal from equity term.

Action by Diedrich Werfelman and George B. Werfelman against the Manhattan Railway Company and the New York Elevated Railroad Company. Judgment was given for plaintiffs, and defendants appeal.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Davies & Rapallo, (Brainard Tolles,* of counsel,) for appellants. *Henry G. Atwater* and *Peckham & Tyler,* for respondents.

LARREMORE, C. J. When this case was before us on the former argument[1] certain authorities were not brought to our attention. After carefully considering not only what these adjudications directly hold, but the necessary inference from some of the positions taken in them, we have concluded that the points for which appellants contend are no longer open questions, so far as the courts of original jurisdiction are concerned. The point principally urged by the learned counsel for appellants is that, as plaintiffs acquired title *after the elevated road was built and in full operation,* they took subject to its notorious and continuous invasion of the easements in the streets; that they therefore presumably paid less for the property than they otherwise would have done; and, consequently, that the plaintiffs have sustained no damage, but that any loss that has occurred was borne by the owner at the time the road was built, in whose hands said property depreciated. The remarks of Judge BEACH in *Foote* v. *Manhattan El. R. Co.,*[2] are expressive of the natural attitude of a judicial officer and fair-minded man towards actions of this character: "The case is here presented of a man who goes and

---

[1] Opinion not reported.  [2] Not reported.

buys a piece of property * * * after the elevated road was built, and pays a less price for it because the elevated road is there, and then turns around and sues the elevated road; and, in my opinion, he does not occupy a position very commendable in equity." It does not appear, however, that the learned judge, under the law as it stands, felt authorized to refuse jurisdiction. On the former argument the case of *Pappenheim* v. *Railroad Co.*, 7 N. Y. Supp. 679, was brought to our attention, in which there are some remarks indicating that the general term of the New York superior court believed that a serious question was presented of a plaintiff's right to recover under circumstances very similar to those here involved. But certainly it cannot be presumed that the superior court intended by these *obiter dicta* (the decision was expressly placed on another ground) to overrule their former decision directly on the point in *Glover* v. *Railroad Co.*, 51 N. Y. Super. Ct. 1. In the *Glover Case* it was squarely decided that, whether or not the fee of the street was held by the abutting owners, the latter were entitled to an easement of light, air, and access, which constituted property, and ran with the land, passing by implication and without express words to any subsequent grantee of realty fronting the street, in like manner as any appurtenant easement. It was further said that the building of the road did not give the right of action, but the continued appropriation of plaintiff's rights in the street. "It can make no difference at what time he [plaintiff] became the owner of the property; but he is entitled to be protected against an unauthorized appropriation, whether it was acquired by him before the defendants appropriated it or the day before the commencement of the action." Page 13. The decision in the *Glover Case* embodied a deliberate interpretation and application of principles thought to be laid down by the court of appeals in the *Story Case*. It was made after elaborate argument by distinguished counsel, and, though involving a most important point, was not appealed from. As an extreme, though not illogical, application of the doctrine of the *Glover Case*, our attention has recently also been called to *Mitchell* v. *Railroad Co.*, 9 N. Y. Supp. 829, where it was held by the general term of the supreme court of this department that a person purchasing property after the erection of the road might maintain an action for an injunction, notwithstanding the fact that the executors of a former owner had obtained and been paid a judgment for the entire permanent damage, it appearing that the said executors never had, as was erroneously supposed, the legal right to such property. In a former case in this court (*Sanders* v. *Railroad Co.*, 7 N. Y. Supp. 641) we held that, in the event of the death of a plaintiff in one of these equity actions, it might be revived in the joint names of his executor and his devisee or heir; the executor representing the cause of action for past damages, the heir or devisee the claim of permanent damage to the fee. If the present contention of appellants is correct, that the whole right of action arising from the operation of the road is a claim for damages accruing to the original owner for the depreciation in the value of his land, there would never be anything to pass to an heir or devisee. Such entire claim for damages would pass to the executor or administrator. There are other decisions bearing either directly or by implication on the point, but enough has been said to show that the question cannot be treated at this stage as a new one. The lower courts have now been engaged for several years in applying and interpreting the principles which they conceive to be laid down by the court of appeals in the *Story Case*, 90 N. Y. 147, and the *Lahr Case*, 104 N. Y. 268, 10 N. E. Rep. 528. There has been a substantial concurrence in essential points. Many cases have been decided in all the courts of this country which necessarily assume, even where they do not expressly hold, that the easement of light, air, and access is one running with the land, and passing as an incident of the fee to successive grantees of the realty; and, if this principle is now to be overturned, it must be done only by the court of last resort.

Several other points are raised by appellants, all of which, however, we consider already substantially settled. It is insisted that the plaintiffs do not connect themselves, by a continuous chain of deeds, with the persons seised. of the premises at the time of the building of the road. But, under the doctrine of the *Glover Case*, we do not regard this omission as serious. Plaintiffs are in possession of the abutting land under a recorded deed, claiming a fee. This establishes presumptively their legal title to such fee. The right to the easements in the street follows and is appurtenant to such fee. The same proof which establishes plaintiffs' presumptive title to the land itself establishes also a right to the easements. Moreover, it appears by a supplemental pleading put in by defendants that they have commenced proceedings to acquire title to the easements in the streets by condemnation proceedings. This, we think, is an admission of record that plaintiffs do own such easements, which in itself would dispense with formal proof on the subject. *Watson* v. *Railroad Co.*, 8 N. Y. Supp. 533. It was not error for the trial judge to refuse to make a finding of the abstract proposition that any benefits accruing to the property from the elevated road are to be set off against any damages which may have been sustained. Much evidence was admitted tending to show that such benefit had arisen, and presumably the court gave it due weight in the decision of the case. This was in accordance with the rule laid down in *Newman* v. *Railway Co.*, 23 N. E. Rep. 901, and *Doyle* v. *Railway Co.*, 8 N. Y. Supp. 323. But there is nothing in the opinions in those cases, or in the general rules of procedure, which require a judge to find in the form of abstract propositions the successive steps of reasoning by which he reaches the result. The question of the admissibility of the opinions of experts as to what would be the value of the property if the road had not been built has been determined in favor of the respondents by *Thompson* v. *Railroad Co.*, 8 N. Y. Supp. 641, and *Mitchell* v. *Railroad Co.*, 9 N. Y. Supp. 130. It was not error to allow a recovery for the loss of rental value during the term of the unexpired lease of the premises when plaintiffs purchased. This lease had been made after the building of the road, and presumably the rent stipulated for it was lower than it would have been if the road had not been there. This point has also in effect been passed upon favorably to respondents. See *Mortimer* v. *Railway Co.*, 8 N. Y. Supp. 536. The judgment should be affirmed, with costs.