### MULFORD *v.* METROPOLITAN EL. RY. CO. *et al.*

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

EMINENT DOMAIN—COMPENSATION—RENTAL VALUE.

Damages to the rental value of real property from the maintenance and operation of an elevated railroad in the street in front thereof may be recovered by the owner for a period during which the premises were occupied by a tenant under a lease from him. Following *Werfelman* v. *Railway Co.,* 11 N. Y. Supp. 66.

Appeal from judgment on report of referee.

Action by John Mulford against the Metropolitan Elevated Railway Company and the Manhattan Railway Company. Defendants appeal from a judgment for plaintiff entered on trial before a referee.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Davies, Short & Townsend, (Edward B. Thomas,* of counsel,) for appellants. *Frederick S. Wait,* for respondent.

PER CURIAM. The suit was brought to recover damages for injury to rental value of premises in West Fifty-Third street, in the city of New York, for the six years preceding the action. During a part of the period for which damages were allowed by the referees, the premises were occupied by a tenant under a lease from plaintiff. The counsel for the appellants claimed the referees had erred in assessing damages in favor of the plaintiff for injuries accruing after he had leased the property. This point was raised by a proper exception to the findings of the referees, and was the only one argued before us by the appellants. We find, upon examination, that the point in question has been passed upon by the general term of this court adversely to the appellant. *Werfelman* v. *Railway Co.*, 11 N. Y. Supp. 66; *Johnston* v. *Same*, Id. 68. In the case first above mentioned it is said: "It was not an error to allow a recovery for loss of rental value during the term of the unexpired lease of the premises when the plaintiffs purchased. These leases had been made after the building of the road, and presumably the rent stipulated for it was lower than it would have been if the road had not been there." In disposing of this case we are controlled by this decision. The judgment should be affirmed, with costs.