### KORN *et al. v.* NEW YORK EL. RY. CO. *et al.*

(*Supreme Court, General Term, First Department.* June 12, 1891.)

1. ELEVATED RAILROADS—SUBSEQUENT PURCHASER—RIGHT TO DAMAGES.
    An action may be maintained by a party purchasing premises after the erection of an elevated railroad in front thereof, to recover damages resulting from such erection, though he paid a diminished price for the property on that account. Following *Werfelman* v. *Railway Co.*, 11 N. Y. Supp. 66.

2. SAME—DAMAGES—RIGHTS OF REMAINDER-MAN.
    Under Code Civil Proc. N. Y. § 1665, which provides that a person seised of an estate in remainder or reversion may maintain an action for an injury to the inheritance, notwithstanding an intervening estate for life or for years, the purchaser of the fee of premises, subject to a lease, may recover damages to the rental value of the premises caused by the erection of an elevated railroad in front thereof during the existence of the lease.

3. SAME—DEMISED PREMISES—MEASURE OF DAMAGES.
    In an action by the owner of premises to recover for damages to the rental value thereof caused by the erection of an elevated railway, the measure of damages is the difference between the rental value of the property before the erection of the railway and the rental value thereafter, without regard to the fact that plaintiff became the owner of the premises after the erection of the railway, and during the existence of a lease of the premises.

Appeal from special term, New York county.

Action by Isidore S. Korn and others against the New York Elevated Railway Company and another. From a judgment for plaintiff, defendants appeal.

Argued before BARRETT and PATTERSON, JJ.

*Davies & Rapallo,* for appellants. *John E. Burrill,* (*J. Archibald Murray,* of counsel,) for respondents.

PATTERSON, J. There are numerous exceptions to the rulings of the trial judge presented by this record. None require consideration, except three, which were insisted upon on the argument of this appeal. The first claim made by the appellant is that the plaintiffs, having acquired title to the premises after the railroad was built, and paying a diminished price for that reason, had not sufficient equity to entitle them to an injunction or to the relief sought by the complaint. This question has been decided adversely to the appellants' contention in several cases, beginning with that of *Glover* v. *Railway Co.,* 51 N. Y. Super. Ct. 1. That decision has been followed in subsequent cases, which are collected in the opinion of the general term of the court of common pleas in *Werfelman v. Railway Co.,* 11 N. Y. Supp. 66. It is not necessary to discuss the principles upon which these cases proceeded, as they undoubtedly proclaim the rule of law, as now understood, applicable to this case upon the facts as they appear. The second exception requiring consideration relates to the damages awarded to the plaintiff for depreciation in rental value of the premises. The learned judge below held that the plaintiff, as owner of the fee, was entitled to recover damages to rental value, notwithstanding the premises were in the possession of a lessee from whom he received the rent stipulated in the lease. This lease was made in 1886, and extended by agreement until May, 1890. The plaintiff acquired title to the premises in June, 1887; that is, after the lease was first made, and while it was in operation. The award of damages to rental value of course proceeded upon the principles upon which such damages would be allowed in a common-law action for trespass; and at the common law, perhaps, the owner of the reversion would not be entitled to maintain such an action. But section 1665 of the Code of Procedure provides that a person seised of an estate in remainder or reversion may maintain an action for an injury done to the inheritance, notwithstanding an intervening estate for life or for years. It was clearly proven that the rental value of the property was reduced by the occupation of the street by the elevated railroad structure, and by the trespass committed by the defendants upon the plaintiffs' property; and the difference in rental value caused by the presence of this structure was fully proven. This subject was well considered in the case of *Mortimer* v. *Railway Co.,* 8 N. Y. Supp. 536, and the reasoning in that case applies to this, unless it is to be considered that the plaintiff, having become the owner of the property during the running of the lease, could not maintain an action to recover for the loss of rents. But it seems to be quite clear that the owner is entitled to sue for trespass resulting in damage to the reversion, and during the whole period covered by this lease the rental value was diminished by reason of the existence of the structure and the operation of the defendants' railroad; and, as was said in the case cited, the rule is settled in this state "that the proper measure of damages for a trespass upon real estate, or for the maintenance of a nuisance, is the difference in rental value free from the trespass or nuisance and subject to it, and the rule has been applied, although the property was not rented, but was occupied by the owner. *Francis* v. *Schoellkopf,* 53 N. Y. 154; *Michel* v *Supervisors,* 39 Hun, 447; *Wiel* v. *Stewart,* 19 Hun, 272." If, therefore, the plaintiff has the right to recover for the trespass, the recognized rule of damage would be the difference in the rental value; and the application of the rule does not depend upon either the actual receipt

of rent, the occupation of property by the owner, or the premises standing idle. It is the one rule of damage which is applicable ordinarily to such cases, and in the absence of any proof of special damage.

It is further contended that it was error in the court below to refuse to recognize special benefits conferred upon this property by the advantages alleged to have accrued to it by the building and operation of the elevated railroad. In the *Newman Case*, 23 N. E. Rep. 901, which was a common-law action, it was decided that special benefits must be taken into consideration in the ascertainment of the right of the plaintiff to recover damages. But on looking over this record, even supposing that the *Newman Case* applies to a suit in equity for an injunction where the defendant is allowed to pay a sum of money, the value of the easement, to prevent the issuance of an injunction, as to which we express no opinion, the proof in this case was not at all sufficient to justify any finding that this property was benefited in such a way as to cause any reduction in the estimate of the fee value which was made by the learned judge in the court below. There was no evidence of any special benefit that could be set off against the inconveniences resulting from the maintenance and operation of the road. The conclusions arrived at, as to the value of the easement and the rental value of the premises, were entirely justified by the evidence, and, there being no error, the judgment should be affirmed, with costs.