BISCHOFF *v.* NEW YORK EL. R. Co. *et al.*

(*Superior Court of New York City, General Term.* May 10, 1892.)

1. ELEVATED RAILROADS—BENEFIT TO PROPERTY—PROXIMITY OF STATION.
    The question whether or not a property owner is benefited by having a large number of people pass his premises daily, on account of the proximity of an elevated railroad station, is one of fact, and a refusal to find that the property is benefited thereby will not be disturbed.

2. SAME—DOUBLE FRONTAGE—SEPARATING WALL.
    Where plaintiff's premises fronted both on Park Row and Duane streets, which were intersecting streets, the court properly refused to charge that the premises consisted of two separate buildings, in the absence of evidence that there was a separating wall between them without openings, cutting off the advantages of light and air derived by the one from the other.

3. SAME—RENTAL VALUE—EVIDENCE.
    The court properly allowed plaintiff to prove a decrease in the rent of adjacent property, in the absence of a special objection on the ground that the rent was a matter of bargaining between persons other than the parties to the action.

4. SAME—DISSIMILARITY OF STRUCTURES.
    The fact that such property was hotel property, dissimilar in structure, use, and occupation from plaintiff's property, was no ground of objection to the evidence.

5. SAME—IRRESPONSIVE ANSWERS.
    Plaintiff's witness testified in chief that plaintiff's building was now worth from $60,000 to $65,000, and on cross-examination that $25,000 damages had been done it by the erection of defendants' road. On redirect examination, the witness was asked how much he allowed for damages from the road, to which he answered that the property would sell for $100,000 if the road was not there. *Held,* that the court properly refused to strike out the answer as irresponsive, and as relating to new matter.

6. SAME—CREDIBILITY OF WITNESS.
    The increase in the witness' estimate of the damage done may have afforded matter for comment on his testimony, but did not render it incompetent.

7. SAME—REDUCTION OF RENT.
    Plaintiff testified that he reduced the rent on an outstanding lease of the premises, because he could not collect the full amount thereof from the tenant. *Held,* that the court was justified in holding that the reduction was due to business expediency, and was not negligent or without cause.

Appeal from special term.

Action by Henry Bischoff against the New York Elevated Railroad Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

*Barnard Tolles,* for appellant.   *Edward A. Hibbard* and *W. C. Peckham,* for respondent.

PER CURIAM.   The action is to restrain defendants from maintaining their elevated road, and from running their cars thereon, in front of plaintiff's premises. It is argued for the appellant that the judge incorrectly refused to find as requested in the fiftieth and fifty-first proposed finding of fact. These are: There is a station of defendants' railroad near plaintiff's premises, which is daily used by great numbers of people, some of whom pass through Park Row in front of plaintiff's premises; and the existence of station and railroad, and the great numbers of people thereby drawn to the vicinity of the plaintiff's premises, constitute a special benefit to said premises.

The first request has no importance. It relates to some people. That some people passed the plaintiff's premises could not affect the value of those premises. Whether great numbers of people being drawn to the vicinity of plaintiff's premises would constitute a special benefit to them would depend upon the likelihood of their becoming customers at plaintiff's premises, or perhaps purchasers of them. Whether there would be such advantage would again depend upon the occupations, means, and the places of the home and business of the passers-by. The question is one of fact for the judge, and

his refusal to find should not be disturbed. This is perceived in the descrip-tion of the crowds candidly given by the counsel for the appellants. He says: "Great numbers of persons employed in the factories, warehouses, and places of business in this part of the city use these stations every day, and usually pass through some portion of Park Row in going to or from the sta-tion." The learned court took into consideration fully the advantages or benefits conferred on the property by the railroad; and, except in rare cases, it is always done, when the market value of the abutting land is proven; for the advantages, general or special, have gone into the land and affected its value.

The counsel for the defendants asked that this finding of fact be made, (it was sixty-second:) "The portion of plaintiff's premises known as 'No. 20 Duane Street' constitutes a separate building, with a separate entrance, sepa-rate walls, and no frontage on Park Row. No easements over Park Row are appurtenant." The evidence does not seem to show that between the two so-called separate buildings there is any separating wall so solid and so without openings that the Duane street building is cut off from the advan-tages of light and air that are derived from Park Row. At one time the easements from Park Row were appurtenant to the Duane street part of the property. So far as the latter is concerned, there is no proof that it has been extinguished. The relation of the buildings is such that, for instance, the first floor of 20 Duane street is a continuation of a floor in No. 1 Chambers street. Beyond this, No. 20 Duane street, in its front, had an easement which was not limited to Duane street, but extended easterly to Park Row. The judge would not have been justified in finding as requested. *Stevens* v. *Railroad Co.*, (N. Y. App.) 28 N. E. Rep. 667. The plaintiff was allowed to prove what had been the rents of Sweeny's Hotel from 1879 to the present time. That hotel was a short distance from the plaintiff's house. Questions on this subject were objected to on the ground that they were indefinite and irrelevant, and did not relate to the premises in question, and were not within the issues in this action. It was within the scope of the action to as-certain what the effect of the railroad had been upon Park Row, either in de-creasing or increasing rental or fee values. There was no special objection taken because the rent was a matter of bargaining between others than the parties to this suit. In these suits evidence is often allowed without objec-tion, upon a direct examination. For want of the particular objection, the action of the court should be sustained. The dissimilarity of the hotel from the premises in suit, in respect of structures and kind of occupation, was im-material to the inquiry of whether, in a course of years, rent on Park Row had increased or decreased.

The plaintiff called as a witness one Harnett, who testified as to the values of real estate. On cross-examination he was asked by defendant's counsel, "Can you give the value of Mr. Bischoff's building?" The answer was that he supposed the building to-day would sell for about $60,000 or $65,000. He further testified that another building in Park Row sold for $85,000, and that plaintiff's building was a little larger than the other. Defendants' coun-sel then asked: "*Question.* Is it on account of the difference in the buildings that you make the $25,000 difference?" The answer was: "I make the dam-age the elevated railroad has done." On redirect examination plaintiff's counsel asked: "*Question.* In estimating for counsel for defendant, you said you allowed so much for damage from elevated road to plaintiff's property. How much did you allow?" The question was objected to, as asking for the opinion of the witness as to the damage. The court also asked: "How much did you allow in the estimate already given?" The witness answered: "I stated from $60,000 to $65,000. I figured the damage done from $30,000 to $35,000. In other words, I think the property would sell for $100,000, if put up at auction to-day, if the elevated road was not there. That is the

way I made up my estimate." The defendants' counsel asked that the latter part of the answer be stricken out, as irresponsive and incompetent. The plaintiff could not properly be prevented asking the particulars of the evidence drawn out by the defendants. There was no new subject alluded to. He had already given, in substance, what he believed the property to be worth without the railroad; for he had said it was worth then $60,000 to $65,000, and $25,000 damages had been done. His last answer increased the amount. That would afford matter for observation upon the witness' testimony, but would not make the testimony incompetent. Whatever the purpose of the defendants in asking the question, the plaintiff had a right to examine to frustrate that purpose, if possible; and a failure on the part of plaintiff to accomplish this would not make questions they had asked incompetent.

The reduction of rent on an outstanding lease was not negligent or without cause. The plaintiff testified that he could not get the rent from the tenant in its full amount, and therefore he lowered it to $60 a month. The judge was justified in finding that the plaintiff's action was due to business expediency or necessity in endeavoring to get the largest rent that could be got. The action of the judge in giving damage from 1884, when the plaintiff acquired the property, and through three years of a then pending lease, is in accordance with the decision of *Korn* v. *Railroad Co.*, (Sup.) 15 N. Y. Supp. 10. Other exceptions have been examined, and do not call for a reversal of the judgment. Judgment affirmed, with costs. All concur.