---

In the Matter of the Application of HUBERT O. THOMSON, as Commissioner, etc., to Extinguish Certain Water Rights in Westchester County.

*N. Y. Supreme Court, Second Department, General Term, May* 13, 1889.

1. *Eminent. Domain. Laws of* 1877, *Chap.* 445.—In proceedings under Chap. 445, Laws of 1877, where the whole question is one of value, the commission is the tribunal organized for the determination of such question, and the appellate courts interfere with awards, on account of their size, with great reluctance.
2. *Same. Evidence.*—The exclusion of proof of the amount paid for property about a mile above the property in question, is not erroneous.
3. *Same.*—Proof of present injury to the property, which rests on the opinion of witnesses respecting the general effect of the reduction of the flow of water upon the whole farm, is quite unsatisfactory and too problematic to constitute a basis of damages, especially where the actual practical reduction in the flow of the water is quite uncertain.

Application by the commissioner of public works of the city of New York under chapter 445 of Laws of 1877, to acquire certain water rights on the Bronx river, for the purpose of securing a water supply for New York city.

Appeal from an order confirming the report of the commissioners of appraisal.

*Willard Parker Butler* ( *William Allen Butler*, of counsel), for appellant.

*Henry R. Beekman* (*Arthur H Masten*, of counsel), for respondents.

PRATT, J.—The proceedings in this matter were instituted to ascertain the compensation to be made to certain land owners for the diminution of the flow of the water in Bronx River in Westchester county resulting from a diversion of a portion of the water to supply the pipe line leading from the new Kensico dam.

Commissioners were appointed in the usual way to view the premises and hear testimony and arguments of counsel, and make their report.

Included in the proceedings was the land of Charles Butler, which contained about four hundred and fifty feet of the river.

The commissioners made an award to Mr. Butler of $7,-845, and he has appealed from the report of the commissioners and from the order of the special term confirming such report.

A former appeal by a land-owner on this same stream, from a report of those same commissioners, offered us au opportunity to become familiar with these proceedings, and a careful examination of the record presented by this appeal has satisfied us that no errors have been committed.

The claim of the appellant rested very much in theory and expectation, and no present injury or damage was shown, beyond such as would result naturally from a diminution of the quantity of water flowing between the banks of the stream.

The land of the appellant was devoted to agricultural purposes alone, and no use of the water in the stream had ever been made, beyond such as is usually made of small

streams of water running through a farm, and there was no proof that the present flow of water was insufficient or incapable of utilization for that purpose.

There was a fall of about seven feet in the river bed on the appellant's land, and much of the testimony on both sides was directed to that subject.

There were several elements entering into the calculation respecting this portion of the claim. The stream was in its natural condition, and there was testimony to show that the flow of water though it had been but slightly disturbed, particularly that of Mr. Hopkins, who had a pickle factory about three miles above these premises, and who testified substantially that he found no practical difference in the stream since the erection of the dam. This witness used large quantities of water from the Bronx, daily, in the dry season of the year, and his testimony may well have been considered important by the commissioners, when viewed in connection with the fact that three streams of considerable size empty into Bronx river below the dam and above his premises. There was also proof in the case, which corresponds with common knowledge, that a small water power in this country is of very little value.

After all, the whole question is one of value, and the commission is the tribunal organized for the determination of that question, and the appellate courts interfere with awards, on account of their size, with great reluctance. Our views have been so fully expressed upon this subject that a repetition of them now would be without profit or necessity. Matter of Staten Island Rapid Transit Co., 47 Hun, 397; 19 Wend. 678; 13 Barb. 169; 47 Hun, 261.

We find nothing in this record to indicate the adoption of erroneous views or principles, or to call for comment or interference.

The exclusion of proof of the amount paid for the property of White, about a mile above the property of the ap-

pellant, was not erroneous. The admission of such testimony would raise numerous collateral issues, without furnishing any legitimate aid to any tribunal. The desire of the buyer to make a speedy purchase, for reasons unconnected with actual values, or the necessities of the owner, or the peculiar location of the property with reference to other possessions or business, might enhance or diminish the price paid for any property with which such comparison might be instituted.

If the land owners, on these proceedings, could be permitted to prove the payment of a larger price in one instance, the petitioner would be permitted, upon the same principle, to prove the payment of an inferior price in another, which would be plainly incompetent. Southerland on Damages; Gouge v. Roberts, 53 N. Y. 619; Blanchard v. Steamboat Co., 59. Id. 292.

The earnest presentation of this case, by the very eminent counsel for the appellant, has induced a careful examination of the record, and of the questions involved, and our conclusion is that there were no errors committed, and that ample justice has been accorded to the appellants.

It must be borne in mind that the land and premises of the appellant have not been interfered with in any manner; that he has been divested of no property; that the banks of the stream remained undisturbed, and the flow of the water uninterrupted.

There is no proof of present injury of any kind, except such as rests on the opinion of witnesses respecting the general effect of the reduction of the flow of water upon the whole farm, and such opinions are quite unsatisfactory and quite too problematic to constitute a basis of damages. Moreover, the actual practical reduction in the flow of the water is quite uncertain.

Our conclusion, therefore, is that the report and order appealed from should be confirmed, with costs.

DYKMAN, J., concurs; BARNARD, P. J., not sitting.