## MYERS *v.* METROPOLITAN EL. RY. CO. *et al.*

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

ELEVATED RAILROADS—PAST DAMAGES—EVIDENCE.

In an action for past damages caused by the maintenance of an elevated railroad in front of plaintiff's premises, evidence is admissible of a fall in rental values on the same street, and in that vicinity, since such construction of the road.

Appeal from trial term.

Action by Edward Myers against the Metropolitan Elevated Railway Company and others to recover past damages sustained by reason of the erection, maintenance, and operation of defendants' elevated railroad in front of plaintiff's premises, No. 201 South Fifth avenue, in the city of New York. From a judgment for plaintiff, entered upon the verdict of a jury, defendants appeal. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Davies & Rapallo,* for appellants. *Henry Schmitt,* for respondent.

BISCHOFF, J. The learned trial judge, against the objection of defendants' counsel, admitted testimony for the plaintiff tending to show that, since the construction and operation of defendants' elevated railroad on South Fifth avenue, the rental value of premises on the same street in the vicinity of plaintiff's premises had been diminished, and the exceptions to the admission of this evidence are urged as presenting error which requires the reversal of the judgment appealed from. The evidence, however, was admissible, under the rulings made by the court of appeals. It was in respect to similar evidence that Judge FINCH says in *Drucker* v. *Railway Co.,* 106 N.Y. 157, 12 N. E. Rep. 568: "Objection was made to the proof that since the building of the elevated road the trade and business of Division street had fallen off, and the current of custom had largely lessened in volume and changed in character, and upon the ground that injury to the plaintiff, and not to his neighbors, was alone material. But to measure and appreciate that individual loss the nature and extent of the general injury was necessarily to be considered. To ascertain how much the plaintiff was injured by the impairment of his easement required a survey of the general facts, and a deduction from them of the special and particular damage to be estimated." In *Doyle* v. *Railway Co.,* 128 N. Y. 488, 28 N. E. Rep. 495, it was held to be competent for either party to show the general effect of the operation of the road upon other premises abutting upon the street in the vicinity of and similarly situated with plaintiff's, where it appears that damages claimed by plaintiff, if actually sustained, must have been common in the vicinity along the street, and because evidence of that character, which was offered by defendants, had been excluded, the judgment was reversed. No other errors are claimed, and the judgment and order denying defendants' motion for a new trial should therefore be affirmed. Judgment and order affirmed, with costs.