COOK v. NEW YORK EL. R. CO. et al.

(Common Pleas of New York City and County, General Term. April 10, 1893.)

1. ELEVATED RAILROADS—VALUE OF EASEMENTS TAKEN.
    In an action against an elevated railroad company for damages to abutting property, it was reversible error for the referee to refuse to find, without any qualification as to the materiality of the finding, that the easements of light, air, and access, the only property in the street pertaining to plaintiff's land, taken for the use of the railroad, have only a nominal value in themselves, aside from any damage to the land.

2. SAME—EVIDENCE OF DAMAGE.
    There is not sufficient proof of damage to the fee value of plaintiff's land, nor of diminution in the rental value, traceable directly to the construction or operation of the railroad, when it appears that there was no conveyance of the property between 1867 and 1886, and according to experts values fluctuated greatly between 1867 and 1878, the date of the commencement of the road; and it also appears that there is no evidence as to whether the rents of plaintiff's property, received since the construction of the road, were more or less than those received before; and the fact that neighboring property has depreciated establishes nothing in plaintiff's favor, unless his rents have actually depreciated.

Appeal from judgment on report of referee.

Action by Valentine E. N. Cook against the New York Elevated Railroad Company and others to restrain the operation of a branch of the elevated railroad running in front of plaintiff's premises No. 339 East Thirty-Fourth street, between Second and Third avenues, in the city of New York, and for damages. The judgment entered

on the report of a referee granted an injunction, to become operative in 90 days unless defendants paid the plaintiffs $1,500, at which sum the damage to the fee value of the premises was fixed. Damages for loss of rentals from September 28, 1888, to February, 1892, amounting to $676, together with interest, were also allowed. Defendants appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Davies & Rapallo, (Julien T. Davies and R. L. Maynard, of counsel,) for appellants.

Wolff & Hodge, (J. Aspinwall Hodge, of counsel,) for respondent.

DALY, C. J. The judgment will have to be reversed for error in the refusal of the referee to find, as fact, at the defendants' request, that the easements of light, air, and access, the only property in the street pertaining to the plaintiffs' land, taken for the use of the railroad, have only a nominal value in themselves, aside from any damage to the said land. Bookman v. Railroad Co., (N. Y. App.) 33 N. E. Rep. 333; Sutro v. Railway Co., Id. 334. It is contended by respondent's counsel that the refusal to find as requested would be material only in case that the evidence warranted a finding of benefits to the remaining property, which should be allowed as an offset against consequential damages, and the language of the opinion in the Bookman Case, above cited, is referred to in support of this contention. The opinion in the Sutro Case does not so limit the effect of the refusal to find; and in the case before us it cannot be safely affirmed that the referee did not, in estimating the damage to the plaintiff's premises by the operation of the railroad, allow for more than nominal value with respect to the easements taken, apart from the abutting land. His refusal to find as requested, without any qualification as to the materiality of the finding, leaves us no option but to order a new trial.

But, upon the evidence in the case, it would also seem that there was no sufficient proof of damage to the fee value of plaintiff's premises, nor of diminution of rental value, traceable directly to the construction, maintenance, or operation of the defendants' railroad in East Thirty-Fourth street, between Third avenue and the East river. The plaintiff bought the house and lot in September, 1888,—nine years after the construction of the elevated railroad was commenced, and eight years after it went fully into operation. He purchased from one Rimoldi, for $11,000. Rimoldi had bought the premises about two years before (October, 1886) from Mrs. Moore, for $10,000. Mrs. Moore acquired the property in the year 1867, for $10,000, from Mrs. Bull. According to the testimony of plaintiff's experts, values fluctuated greatly between 1867 and 1879, the date of the commencement of the elevated road, reaching their highest point in 1873, and then, on account of the panic in that year, falling steadily, down to 1877, when the lowest point was reached. The sales of this particular piece of property, therefore, afford no basis for ascertaining whether the price paid by the plaintiff in 1888, ($11,000,) or that paid by Rimoldi in 1886, ($10,000,)

was less than the market value of the property before the railroad was built,—an important fact in determining whether the rail-road injuriously affected its fee value. We should find, however, important evidence as to the effect of the railroad upon fee values, as well as rental values, in a comparison of the rents actually received from the abutting property before and after the construction of the road. But, with respect to plaintiff's property, we are met with an absolute want of all evidence as to the actual rents earned by it before the plaintiff acquired it, in 1888. From the time he purchased, he has received an average of over $1,030 per annum, (the referee finds a little less;) but, whether that is more or less than was ever before received from the property, no witness can tell. The house was let for many years to tenants, but no records of the rents collected have been preserved. In the absence of such evidence, it is not possible to affirm with reasonable certainty that the present owner sustains any loss of rentals, and thus an important fact is wanting in determining whether the property brings less than it would bring if the railroad were not there. Proof of the course of rentals of neighboring property was received upon the question at issue, but, without a knowledge of the course of rentals of plaintiff's house, there is no proof that the plaintiff suffers in the same degree as his neighbors, or in any degree, from the railroad. The plaintiff's property might yield now as much or more than it brought in the highest period of values, in 1873, as well as at the lowest point, in 1878, just before the railroad was constructed. Unless it can be shown that it does not, the proof of plaintiff's loss and damage is wanting. We held in a late case, (Brush v. Railway Co., [Com. Pl. N. Y.] 17 N. Y. Supp. 540,) where there was evidence that plaintiff received as much rental after the railroad was built and operated as before, that he had proved no damage; and we also held that, under such circumstances, evidence of diminution of rents of neighboring property did not establish a loss of rental value in his own, but only showed that he had not experienced the losses sustained by other owners on the street. The course of depreciation in neighboring property establishes nothing in plaintiff's favor, unless his rents have actually depreciated. All property in Thirty-Fourth street has not suffered the same percentage of depreciation. The plaintiff's neighbors may have lost, and he may have escaped loss. The opinion of experts that values are less than in 1872 or 1878 will not help the plaintiff, who does not show that the rents of his property are less than in those years. For the reason that there is no preponderance of proof in plaintiff's favor on the issue of fact, as well as for the error first referred to, the judgment must be reversed. Judgment reversed, and new trial ordered, with costs to abide the event. All concur.