MOONEY v. NEW YORK EL. R. CO. et al.

(Common Pleas of New York City and County, General Term. April 10, 1893.)

Appeal from judgment on report of referee.

Action by Rosanna Mooney against the New York Elevated Railroad Company and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

The action was to restrain the operation and maintenance of a branch of the elevated railroad running in front of plaintiff's premises, No. 310 East Thirty-Fourth street, between First and Second avenues, in the city of New York, and for damages. The judgment granted the relief prayed for, unless the defendant, within 90 days, paid plaintiff $2,500, assessed as damages to the fee value of the property, caused by the railroad. Damages in $1,756 were also allowed for loss of rents from October 20, 1882, to March 10, 1892.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

R. L. Maynard, for appellants.
J. Aspinwall Hodge, for respondent.

DALY, C. J. The judgment will have to be reversed for error in the refusal of the referee to find, as fact, that the easements pertaining to the plaintiff's land, taken for the uses of the railroad, aside from any damage to the land from the said taking, have in themselves only a nominal value. Bookman v. Railroad Co., (N. Y. App.) 33 N. E. Rep. 333; Sutro v. Railway Co., Id. 334. The exception to this finding has been discussed in the Cases of Cook (22 N. Y. Supp. 790,) and Kahn (Id. 793,) against the same defendants, herewith decided. The observations which we have made in the Kahn Case, above referred to, apply equally to the case before us, so far as the questions of fact are concerned. The plaintiff here furnished evidence of the rentals obtained from the property before and after the construction and operation of the defendants' road. While the testimony as to prior rentals does not fix with certainty the year in which those rentals were received, still there was a basis for a competent conclusion that the plaintiff had been actually damaged by a diminution of rentals, traceable to the elevated railroad, and by a loss of fee value, as indicated by the depreciation of rents, and that the railroad had not been of the slightest benefit to her property. The estimate which the referee placed upon damages to the fee value and to the rental value were by no means extravagant, and appear to be justified by the evidence; but for the error pointed out a new trial must be granted. Judgment reversed, new trial ordered, with costs to abide the event. All concur.