(3 Misc. Rep. 427.)

GERBER et al. v. METROPOLITAN EL. R. CO. et al.

(Superior Court of New York City, General Term.    May 1, 1893.)

1. INJUNCTION AGAINST ELEVATED RAILWAY—MODIFICATION OF JUDGMENT.
    An abutter, having brought suit against an elevated railway company, died, and his land descended to his infant children, subject to his widow's dower right, and the widow and children were substituted, and prosecuted the action to judgment.    The judgment restrained defendant from operating its road in front of the premises unless, within a certain time, it paid certain damages inflicted on the easements appurtenant to the land, on receiving a release thereof from the widow and children.    *Held*, that the objection that the judgment should be modified by directing that the releases should be executed by a special guardian appointed for the infants should be made in the lower court, and could not be first urged on appeal.

2. DAMAGES TO EASEMENTS OF LIGHT AND AIR—INSTRUCTION.
    The easements of light, air, and access to a street appurtenant to abutting land have such a value that substantial damages will be awarded for the impairment thereof, and an instruction, in an action for damages for the taking thereof, that said easements, "aside from any damages to the said land from said taking, have in themselves only a nominal value," is properly refused, since it seeks to have the easements valued aside from the land to which they are appurtenant.

3. SAME—EXPERT TESTIMONY AS TO VALUE.
    In an action aginst an elevated railway company for damages for impairing the easements of light, air, and access to abutting land, the testimony of experts as to how the fee and rental value of neighboring land compared with the values thereof before the erection of the railway is admissible.

Appeal from judgment on report of referee.

Action by Minnie Gerber and others against the Metropolitan Elevated Railroad Company and others to recover damages to easements.    From a judgment for plaintiffs, defendants appeal.    Affirmed.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

Davies & Rapallo and R. L. Maynard, for appellants.
Sackett & Bennett, for respondents.

McADAM, J.    The judgment restrains the defendants from maintaining and operating their railway in front of the plaintiffs' prem-

ises, No. 949 Second avenue, unless within a time specified they pay $996 as past damages, and $1,600 as the fee value of the easements, upon receiving a release thereof. The evidence sustains the awards made, and the questions requiring serious notice are those presented by the exceptions taken during the trial, and to the findings of the referee, and his refusals to find as requested by the defendants' counsel. The action was originally begun by Edward Gerber, the owner of the fee, as plaintiff. He died before the trial, and his children (who are infants) and the widow were substituted in his stead, and continued the action to judgment. There was no question but that Gerber's title descended to his children, subject to the widow's dower right, but the referee found that in consequence of their infancy they could not give good title. It is objected that the court could not, under such circumstances, require the defendants, as a condition of avoiding the injunction granted, to pay for a release by infants, which would be inoperative as a grant, and furnish the defendants no protection against a renewed attack by them after their arrival at age. Whether this result would follow a conveyance executed by them under an order of the court, in an action prosecuted on their behalf by a guardian ad litem legally appointed, and whether a return by them of the consideration would not be a necessary preliminary to such renewed attack, need not be decided now, for the reason that the release contemplated by the judgment is a valid instrument, capable of passing title to the easements; and if a release executed by a special guardian, appointed in proceedings for the purpose, instituted under the statute, (Code, §§ 2348, 2355,) is necessary to pass title, then such is the character of the release required by the judgment. This question of form should have been discussed and settled at the time the judgment was signed, or brought to the notice of the court below on a motion for resettlement. See Belgard v. McLaughlin, 44 Hun, 557; Bank v. Kupper, 63 N. Y. 617; Kraushaar v. Meyer, 72 N. Y. 602; Beers v. Shannon, 73 N. Y., at page 297; Baylies, New Trials, pp. 6, 7; Simmons v. Craig, (N. Y. App.) 33 N. E. Rep. 76. Infants are wards of the court, and under its protection. Their infancy does not prevent the assertion of their legal rights, nor does it permit the court to withhold from them the legal remedies necessary to their protection. If the defendants conclude that they require a modification of the judgment by directing that the releases be executed by a special guardian to be appointed for the purpose, they are at liberty to make that application at any time, and it will no doubt be considered and properly passed upon. The rule is settled that, while a decree cannot be varied, in substance, on petition without a rehearing, it may be corrected on motion as to mere clerical errors, or by the insertion of any provision or direction which would have been inserted as matter of course, if the same had been asked for at the hearing, as a necessary or proper clause to carry into effect the decision of the court. Clark v. Hall, 7 Paige, 382; Sprague v. Jones, 9 Paige, 395. This disposes, for the present, of the objection, now urged for the first time, against the form of the decree.

The referee, at the request of the defendants, found that the plaintiffs did not own the bed of any part of Second avenue in front of their premises, and that the only property in the street appurtenant to the premises were easements of light, air, and access in and over the same; and on the refusal of the referee to find "that said easements taken for railway uses, aside from any damages to the said land from said taking, have in themselves only a nominal value," the defendants excepted, and now urge said exception as a reason why the judgment should be reversed. The request is put in disingenuous terms, and seeks to disconnect the easements from the land, and to have them valued aside from the land to which they are appurtenant; in other words, as if there had been no land belonging to the plaintiffs capable of injury by the taking of the easements. Such a surgical operation cannot be required from a court or referee in a finding of facts. In Bohm v. Railway Co., 129 N. Y., at page 588, 29 N. E. Rep. 802, the court said:

"When a person interferes with such light, air, or access, and takes it, he takes nothing which is alone and intrinsically valuable, but only as its loss affects the adjoining land."

In Mitchell v. Railway Co., 132 N. Y. 552, 30 N. E. Rep. 385, the court, referring to a somewhat similar matter, said:

"Such requests present only part of the case, and, without more, would not present the question now urged. Plaintiffs' easements of light and air were taken to the extent that they were destroyed or fenced out. The taking and the permanent means of taking must, in measuring their value, be considered together."

In Bookman v. Railroad Co., (N. Y. App.) 33 N. E. Rep. 333, the request was limited to consequential damages, aside from any injury to the land. There was no such qualification here. The distinction may seem subtle, but not more so than the request which the referee refused in this case. The easements of light, air, and access to avenue or street property are indispensable necessities, and have always been considered of a substantial character, sufficiently so to warrant substantial damages or the granting of equitable injunctive relief in case of their impairment. Bohn v. Railway Co., 129 N. Y. 576, 29 N. E. Rep. 802. The request, as a whole, both in form and substance, was one which the referee properly declined, and his refusal to find thereon as requested is not reversible error.

The other exceptions in the case relate to the evidence of the experts. Our attention has been called to portions of this testimony wherein the defendants claim that the experts were allowed to make comparisons as to value and damage to property in the avenue and neighboring side streets. The expert Curtis was allowed to testify to how the fee and rental values on Second avenue, between Forty-Ninth and Fiftieth streets, compared, at the time of trial, with the values in 1872, and how, in like manner, similar values compared in certain specified neighboring side streets. We think this testimony was competent. In Becker v. Railway Co., 131 N. Y., at page 511, 30 N. E. Rep. 499, the court remarked:

"There was no intention * * * to hold evidence of value in the side streets to be inadmissible, or to deprive the court of a right to draw the

inference from it, together with other evidence in the case, that the property of the plaintiff had been damaged by being deprived of a greater increase in value by reason of the building of such a structure."

The opinions of experts as to the value of lands and rentals, and of the rise and depreciation thereof, when such witnesses have a practical knowledge of the neighborhood and its surroundings, founded on actual experience and observation, are, as a rule, competent evidence as to such matters, and often the only attainable proof of the fact. Their testimony, within properly defined limits, cannot be arbitrarily excluded, even in an elevated railway case. Though not of a conclusive character, such evidence, if satisfactory, at times furnishes a safe and reliable guide which would be unsafe to dispense with. A defendant can always protect himself against any danger arising from it by furnishing, in answer thereto, evidence of the same general character. There is no expert evidence in the case like that condemned in Roberts v. Railroad Co., 128 N. Y. 455, 28 N. E. Rep. 486; Doyle v. Same, 128 N. Y. 488, 28 N. E. Rep. 495; Gray v. Same, 128 N. Y. 499, 28 N. E. Rep. 498; and for this reason those cases are inapplicable. The action seems to have been fairly tried and a proper result arrived at. For these reasons the judgment appealed from must be affirmed, with costs, but without prejudice to any application the defendants may elect to make respecting any amendment to the decree they may deem necessary, in regard to the form of release to be executed by the infant heirs on receiving compensation for the easements taken. All concur.