Bischoff, J.
Under the ruling .of the court of appeals in Matter of Thompson (127 N. Y. 463), I shall feel bound to reject evidence of the prices paid upon actual rentals and sales of particular premises, other than the premises in suit, when it is offered, except on cross-examination. Though the case referred to holds specifically only that the prices paid upon sales of particular premises, other than the premises in suit, though in'the immediate vicinity, furnish no rational criterion by which to determine the value of the last mentioned premises, I am unable, upon reflection, to discover any sufficient reason for holding that the criticism of the proffered evidence by the court does not apply with equal force to rentals. The principle underlying the decision was applied in Blanchard v New Jersey Steamboat Co. (59 N. Y. 292, 300), Gouge v. Roberts (53 Id. 619), both cases of chattel property.
With reference to my intimation that the testimony of plaintiff’s witness, Martine, concerning his opinion *271 ■of the fee and rental value of particular premises, other than the premises in suit, should be stricken out, I deduce the following from principle and authority:
1. A witness engaged in the business of buying, selling, renting or appraising real estate, and shown to be possessed of the requisite qualification derived from his experience, may testify directly to his opinion concerning the value • of the premises in suit at different periods (Clark v. Baird, 9 N. Y. 183; People, ex rel. Mayor, etc., v. McCarthy, 102 Id. 630-639; Roberts v. N. Y. Elevated R. R. Co., 128 Id. 455, 465; Rogers on Expert Testimony, § 155, p. 195).
2. He may likewise testify directly to his opinion whether or not fee and rental values generally and in the vicinity of the premises in suit have diminished or increased since particular periods, and to what extent (Drucker v. Manhattan Ry. Co., 106 N. Y. 157; Golden v. Metropolitan Ry. Co., 1 Misv. R. 142; Sherwood v. Metropolitan Ry. Co., 36 State Rep. 195; Livingston v. Metropolitan Ry. Co., 44 Id. 830). The admissibility of the first mentioned testimony arises from the necessity of the case, the premises in suit being suigeneris. The testimony secondly mentioned tends to prove the course of values, and is relevant and material to the question at issue, namely, whether or not the premises in suit have sustained pecuniary damage. Its competency is likewise due to the fact that the witness has special learning and skill in such matters which he has derived in his particular calling, wdiereby he is required to keep himself informed thereof.
3. The testimony of a witness called as an expert must, however, as in the cases of other witnesses, be confined to the points in issue (Rogers on Expert Testimony, § 38, p. 87; Stephens Dig. Law of Ev., art. 49). The value of particular property other than the property in suit is irrelevant (Dentarest's El. R. R. Law, p. 161; Blanchard v. New Jersey Steamboat Co., 59 N. Y. 292, *272 300; Gouge v. Roberts, 53 Id. 619). Hence, the witness cannot be examined with regard thereto.
4. But, as with other witnesses, one called as air expert to give his opinion may be interrogated concerning matter otherwise irrelevant for the purposes of impeaching his credibility or disproving the accuracy of his opinion on cross-examination. The cross-examining party is, however, bound by the statements of the-witness concerning such collateral matter, and may not contradict him (Rogers on Expert Testimony, § 38, subd. 4, p. 88; People v. Ryan, 55 Hun, 214, 218, and cases there cited; Gandolfo v. Appleton, 40 N. Y. 533; Rice-on Evidence, vol. I, p. 632).
It follows that the testimony of plaintiff's witness, Martine, with regard to his opinion concerning the fee and rental values of particular premises other than the premises in suit, was inadmissible on the direct examination, and that the objection of defendants’ counsel' thereto should have been sustained. 1 do, therefore,, now reverse my ruling, direct that the objections be-sustained and the testimony objected to be stricken out. Plaintiff may, of course, take an exception to this-ruling.
In what I have said I do not wish to be understood that it is improper to interrogate the witness, called as-an expert, on the direct examination concerning the fact of sales or rentals made by .him generally or in the vicinity of the premises in suit, and to require the witness to state the particular property sold or rented by him. I mean only to exclude evidence of the sums-paid upon such sales or rentals. The fact of sales or rentals by the witness goes to.his competency as an expert, and evidence thereof is for that reason admissible. -
*273 Notes of Cases on the Competency of Evidence as to Value of Neighboring Premises.
Matter of Thompson, 127 N. Y. 463. In proceedings to assess damages caused by the diversion of the water of a river from certain lands, the owner offered evidence of the amount paid by petitioner for water rights appurtenant to land near claimants, on the same river. The purchase was made by petitioner, about a year and a half prior to the date when the offer was made to prove it, and the water-right purchased was in actual use in the operation of a mill, while the water-right whose value was in controversy had not been utilized at all.
The evidence was rejected.—Held, that this was no error. The court say : “ The value of property having a recognized market value, such as number one wheat and corn, may, of. course, be proven by showing the market prices; but the value of property, which depends upon locality, adaptability for a particular use, as well as the use of the property immediately adjoining, may not be shown by evidence of the price paid for similar property."
General or Market Value of Property in Neighborhood Admissible.

I. Competency of Testimony to Value.

Gerber v. Metropolitan El. Ry. Co., 3 Misc. 427; s. c., 52 State Rep. 644; 23 N. Y. Supp. 166. In an action against an elevated railway company for damages to abutting land, expert testimony as to how the fee and rental value of neighboring property land compared with the values thereof before the erection of the railway is admissible.
Cook v. N. Y. Elevated R. R. Co., 3 Misc. 248; s. c., 52 State Rep. 253; 22 N. Y. Supp. 790. In an action by an abutting property owner against an elevated railway for damages,—held, that the fact that neighboring property had depreciated in value established nothing in plaintiff’s favor in absence of anything to show that his own rents had depreciated.
Myers v. Metropolitan El. Ry. Co., 19 N. Y. Supp. 223. In an action by a property owner against an elevated railway for damages, evidence is admissible as to the fall of rental values on the same street since the construction of the road.
Peyton v. N. Y. El. R. Co., 62 Hun, 536; s. c., 42 State Rep. 843; 17 N. Y. Supp. 244. In an action by a property owner against an elevated railroad, testimony of an expert witness, that property on a neigh *274 boring avenue on which there was no elevated railway rented much better than that on which the elevated railroad was located because of such railway, is inadmissible, since it is a mere inference of the witness that the difference in rent was caused by the elevated railway.
Sherwood v. Metropolitan El. Ry. Co., 12 N. Y. Supp. 852; s. c., 36 State Rep. 195. Upon the question of damages caused by defendant’s elevated railroad to plaintiff’s premises, an expert witness may be asked whether there has been a general decrease of rents in the neighborhood.
Mooney v. N. Y. Elevated R. Co., 9 N. Y. Supp. 522; s. c., 30 State Rep. 561. Where plaintiff’s evidence as to the decline in rental value of neighboring property has been excluded upon defendant’s objection, it is not error for the court to exclude like evidence when offered in behalf of defendant.
Kuh v. Metropolitan El. Ry. Co., 9 N. Y. Supp. 710; s. c., 31 State Rep. 406. Testimony that owners of property in the neighborhood of plaintiff’s premises had difficulty in renting their flats .after the road was built is competent as tending to show the uniform operation of a general cause, and that plaintiff’s loss of rents was not attributable to his neglect.
Packard v. Bergen Neck Ry. Co., 54 N. J. L. 553; s. c., 25 Atlantic Rep. 506. The situation and condition of other lands in ,the vicinity of the land in question may be shown as tending to .aid in determining the value of the latter; but as the distance Increases the force of the evidence diminishes, and where the line is .to be drawn is largely within the discretion of the trial j'udge.
St. Louis, Vandalia, etc., R. R. Co. v. Haller, 82 Ill. 208. In a suit by a property owner for damages caused by the construction of a railroad, where there has been no sales of property similar to that injured either before or after the construction of the road from which ■depreciation in value can be ascertained, it is proper to resort to evidence of the noise, smoke, dust, etc,, caused by passing trains to aid the jury in estimating the depreciation in the value of the property.
N, Y. Rule. ' Price of Such Other Property Inadmissible.

II. New York rule exclteding actual prices of other premises.

Hadden v. Metropolitan Elevated Railway Co., 26 N. Y. Supp. 995 (Supm. Ct., First Dept., Gen. Term, 1894). In an action by a property owner, for damages caused by. an elevated railway, the price *275 at which adjoining property sold at auction is admissible, as tending to show the course of values.
The court say: “ We think that if, in these actions, the course of values could betshown by actual sales, it would form a more certáin basis than the speculations of experts of their mere expressions •of opinion as to the rise and fall of values in particular localities.”
Blanchard v. New Jersey Steamboat Co., 59 N. Y. 292. It is not •competent upon the question of the value of a vessel which had been sunk, to prove the value of other vessels with which she might be compared.
Gouge v. Roberts, 53 N. Y. 619. Upon the question of the value of an ice house, a witness cannot be asked what it cost him to construct asimilar ice house ; as such question raises a collateral issue, leading to a comparison between the different structures.
Golden v. Metropolitan Elevated Railway Co., 20 N. Y. Supp. 630; s. c., 1 Misc. Rep. 142; 48 State Rep. 725. In an action by a property owner against an elevated railway, evidence that the rent ■of particular houses on an adjacent street was higher before the construction of the road, is inadmissible; but it is competent to show that the general course of rentals in the adjacent street was lower since the construction of the road.
Thompson v. Manhattan Railway Co., 29 State Rep, 720; s. c., 8 N. Y. Supp. 641. Testimony of a witness as to what rent he paid for premises in an adjacent street not on the line of the railroad is properly rejected, where it has not been shown under what circumstances he occupied the premises, and why the landlord was induced to receive the rent he did.
Matter of Thompson, 5 N. Y. Supp. 370; s. c., 24 State Rep. 433. In a condemnation proceeding, it is not error to exclude evidence as to the amount paid for property about a mile from the property sought to be taken ; the admission of such testimony would raise numerous collateral issues, without furnishing any legitimate aid for the determination of the value of the property in question.
Spring Valley Water Works v. Drinkhouse, 92 Cal. 528; s. c., 28 Pacific Rep. 681. In a proceeding to condemn land for public use, —held, that a witness for defendant could not be asked on direct ■examination as to how much plaintiff had paid per acre for other tracts of land, or'as to offers made by plaintiff for the purchase of such tracts.
S. P. Central Pacific R. R. Co. v. Pearson, 35 Cal. 247.
East Pennsylvania R. R. Co. v. Hiester, 40 Pa. St. 53. On the *276 trial of an appeal from the award of damages by appraisers for land taken by railroad company, in the construction of their road, evidence of the price paid or amount received for land in the neighborhood is inadmissible; the only proper test is the opinion of witnesses as to the value of the land taken, in view of its location and productiveness, its market value, or the general selling price in the neighborhood.
S. P. Pennsylvania & N. Y. Canal R. R. Co. v. Bunnell, 2 W. N. C. 633.
Stinson v. Chicago, St. Paul, etc.. Railway Co., 27 Minn. 284. In proceedings for the condemnation of land for railroad purposes, evidence of what other similar lands in the vicinity sold for,.from time to time, is incompetent and inadmissible.
Galway v. Metropolitan Elevated Railway Co., 13 N. Y. Supp. 47; s. c., 35 State Rep. 628. In an action against an elevated railway, by an abutting property owner, it was held not reversible error, to allow an expert witness, against defendant’s.objection, to be asked as to the value of adjoining premises, which sustained the same relation to defendant’s structure as plaintiff’s premises.
Sherlock v. Chicago, etc.; R. Co., 130 Ill. 403. On assessment of compensation to be paid for city lots taken for railway purposes, a witness for the petitioner testified that he was engaged in the real estate business in the same city, and had charge of certain lots, which he was offering for sale at a certain price per foot.—Held, that the admission of such testimony was error.
Montclair R. R. Co. v. Benson, 36 N. J. L. 557. In assessing damages for land taken by a railway, a real estate' agent as a witness was asked "at what price he had offered for sale, since the summer of 1871, the property adjoining that of plaintiffs.”—Held, that the answer to such question was properly excluded since, if admitted, it would tend to introduce collateral issues.
Exception when no better evidence. Langdon v. Mayor, etc., of N. Y. City, 133 N. Y. 628. Action for damages against New York City for building a bulkhead outside of plaintiffs' wharf. The plaintiffs had no ownership of the fee and no visible or tangible property, the extent of which could be measured, defined’or described; but they had acquired from the State and municipality, by grant, valuable incorporeal rights to collect wharfage and to lease their rights. The expert testimony as to the value of the property was unduly divergent, and property of like character had for several years prior to the taking of the property in question, ceased to have a market value, by reason of a statute authorizing the city to purchase such *277 property.—Held, that the admission of evidence of the prices paid by the city for similar adjacent property, on the question of damages, was not a sufficient ground for reversal, it being the best evidence obtainable.
Distinguishing Matter of Thompson, 127 N. Y. 463.
Culbertson & Blair Packing, etc., Co. v. City of Chicago, 111 Ill. 651. In a suit to recover damages to land from the erection of a viaduct in a street adjacent thereto,—held .that as it did not appear that the property had a regular market value, and the expert testimony was variant, from the very necessity of the case, actual sales of property in the vicinity and near the time were competent evidence as to value.
Batterson v. Boom Co., 3 Dill. 465. In a proceeding by a boom company to condemn wild land, the court charged the jury that “ ordinarily, actual sales or transactions are better evidence of value than the mere opinions of witnesses on the subject; especially where the value concerns property for which there is not a market demand, or a known or easily ascertainable general value.”
Objection. Bischoff v. N. Y. Elevated Railway Co., 18 N. Y. Supp. 865; s. c., 46 State Rep. 863. In an action against an elevated railway, plaintiff was allowed to give evidence as to the rents of adjoining premises against defendant’s objection, that the evidence was irrelevant, and did not relate to the premises in question and was not within the issues.—Held, that the admission of such evidence was not error, there having been no special objection taken that the rent of such property was a matter of bargaining between others than the parties to the suit.
Leale v. Metropolitan Elevated Railway Co., 16 N. Y. Supp. 419; s. c., 41 State Rep. 904. In an action by a property owner against an elevated railway, it is error to allow plaintiff to testify as to what an adjoining owner asked for a house similar to plaintiff's, against defendant’s objection that such testimony is irrelevant, immaterial, incompetent and hearsay.
Hunt v. City of Boston, 152 Mass. 168; 25 Northeast Rep. 82. On cross-examination of a witness as to the value of real property, he was asked what lot of land, of the sale of which he knew, was nearest to the petitioner’s land.—Held, that on re-examination the witness could not testify at what price such lot of land was sold, where the price of such lot was not otherwise competent evidence as to the value of the property in controversy.
Pennsylvania, etc., Railway Co. v. Ziemer, 124 Pa. St. 560; s. c., *278 17 Atlantic Rep. 187. In an action against a railroad company for damages occasioned by the building of a railway in a street adjacent to plaintiff’s premises, a witness for plaintiff testified as to-the manner in which the construction of the road injured the market value of plaintiff’s property.—Held, that the witness could not be cross-examined as to what the company paid in settlement of injuries to other properties near to that of plaintiff.
Simpson v. N. Y. Lake Erie, etc., R. Co., 14 Weekly Dig. 380. A. witness as to the value of a cow testified that he had sold cows,— held, that it was error not to permit such witness to be asked, on, cross-examination, what prices he had obtained for cows.
Whitman v. Boston & Maine R. R. Co., 89 Mass. (7 Alien). 313. A petitioner for damages to land, a part of which has been taken for a railroad, maybe asked on cross-examination, for what price he sold the residue of the lot, seventeen years thereafter.
• Chicago, Kansas, etc., R. R. Co. v. Muller, 45 Kan. 85: s. c., 25 Pacific, Rep 210. A witness being cross-examined as to his knowledge of values of real estate, volunteered the statement that he had-sold certain property at a stated price. The court refused defendant’s request to strike out such statement.—Held, that this was error.
Massachusetts Rule. Price of Such Other Property Admissible.
III. Massachusetts Rtile Admitting. Actual Prices 0f Other Premises.
Roberts v. City of Boston, 149 Mass. 346; s. c., 21 Northeast Rep - 668. Evidence of sales of other similar estates in the neighborhood at or about the time at which the value of the land in controversy is sought to be established is competent.
Benham v. Dunbar, 103 Mass. 365. On issue as to the value of low lands and flats on an island in Boston harbor; it was held no-error to admit evidence of the price of other lands sold at different times from one to eight years before on islands and headlands in the harbor from one-half to six miles distant; in absence of evidence of more recent sales or as to any great difference of the uses to which these islands and headlands were appropriated.
The fact that there are buildings on the land compared does, not change the rule.
Patch v. Boston, 146 Mass. 52. On assessment of damages for the taking of improved property by a city, evidence in the city’s-behalf as to the price for property with buildings thereon in the same street a few months after the taking of petitioner’s property is. *279 admissible in absence of evidence that the buildings on the property sold were dissimilar to those on petitioner’s land.
Shattuck v. Stoneham Branch R. R. Co., 88 Mass. (6 Allen), 115. Though in a proceeding for the assessment of .damages caused by the location of a railway, the petitioner may testify as to his opinion of the amount of damage which he has sustained and may prove the actual recent sales of other lands in the vicinity, he. cannot introduce in evidence the opinions of others as to the value of other land in the vicinity.
Paine v. City of Boston, 86 Mass. (4 Allen), 168. In assessing damages for the taking of land for a street, it is error to reject evidence of the sales of land on the same street within 176 feet of the land taken, upon the ground that it is too remote.
Seattle & Montana Ry. Co. v. Gilchrist, 4 Wash. St. 509; s. c. 30 Pacific Rep. 738. In determining the. market value of a particular tract of land in condemnation proceedings, it is proper to allow proof of the sale of similar property at or near the time of appropriating such land.
Gardner v. Inhabitants of Brookline, 127 Mass. 358. In proceedings for the assessment of damages for land taken by a town, a witness for the petitioner testified that the land in question was suitable for the production of cranberries, another witness was allowed to testify for the respondent to an actual sale at or about the time of the taking of land equally suitable for raising cranberries, situated in are adjoining town within half a mile of the river on which the land in question bordered,—held, that the petitioner had no ground of exception.
In Concord R. R. Co. v. Greely, 23 N. H. 237, 242, the court say: “ When the value of a piece of land is to be decided by a jury it has been the general practice in this State to admit evidence of the sales of other lands similarly situated, in the vicinity of that in question, which were made about the time that the value is to be settled.’’
Town of Cherokee v. S. C., etc., Land Co., 52 Iowa, 279. In proceedings to assess the value of land taken for a street, evidence of the price at which other tracts of land in the same neighborhood have been sold is admissible; the difference in location, character and value between them and the tract in question being shown.
Not'admissible under Massachusetts rule. Presbrey v. Old Colony R.R. Co., 103 Mass. 1. In a proceeding to assess damages to vacant lands caused by the location of a railway, evidence is not admissible to show the sum paid by the railway company for adjoining land, *280 where the sum so paid was not only for the land taken, but also for damages to the entire estate on which there was a house near the railway, and a well within the railway location, and through which the railroad was carried on a high embankment.
Chandler v. Jamaica Pond Aqueduct Corporation, 122 Mass. 305. On assessment of damages for the taking of land for public use, evidence as to the price paid for another lot of land not similarly located, more than three years after the taking of the petitioner’s property is inadmissible.
O’Hare v. Chicago, Madison, etc., R. R. Co., 139 Ill, 151; s. c., 28 Northeast Rep. 923. It is incumbent upon the party offering evidence 01 sales of other lands in the vicinity to aid in the estimating the value of the tract in controversy, in order to render such evidence admissible, to first prove that the lands sold were similar in locality and character to the premises in question, and that the sales were voluntary and in good faith.
Washburn v. Milwaukee & Lake Winnebago R. Co., 59 Wis. 364. In proceedings to assess compensation for lands taken for a railway, much latitude of proof is allowed, and evidence of sales of other lands may be admitted' in the discretion of the court. But to render such evidence of any value, the other lands must be similar in character and location to the land in question, and their sales should not be too remote in time. -
May v. Boston, Mass. 1893, 32 Northeast Rep. 902. In a proceeding by a land owner against a city to recover damages for land condemned for a park,—held, that it was not error to exclude the testimony of a witness as to the price brought by land lying directly opposite petitioner’s, more than a year after petitioner’s land was taken, since the value of the land sold at the later date might have been affected by the location of the park and other causes.
Kansas City & Topeka Ry. Co. v. Splitlog, 45 Kan. 68. In an. action to recover the value of a tract of land taken for railway purposes which was used as a farm,—held, that it was error to admit evidence as to the value of lots on the principal street of a city near by-
Chicago, Kansas, etc., R. R. Co. v. Emery (Kan. 1893), 32 Pacific Rep. 631. In proceedings by a railway company to condemn real property, a witness called by the company stated that he based his judgment as to the market value of the land on sales made in the neighborhood and gave testimony with reference to several farms which had been sold at a stated price.—Held, that it was not error to allow the owner to show, in rebuttal that his land was superior in quality to that with which it was compared.