Bischoff, J.
The judgment is assailed for alleged insufficiency of the evidence to show pecuniary damage to either the fee or rental value of the plaintiff’s premises, and for alleged erroneous rulings on the trial.
The premises affected by the action were owned by the plaintiff since May 1, 1888, and consist of the two four story buildings known as 633 and 635 Third avenue, with the plot of ground upon which they are erected, the plot being forty-nine feet six inches in width, sixty-four feet four inches in depth, and situated in the southeast corner of Third avenue and Forty-first street, in the city of New York, with the frontage and width on Third avenue. The present buildings are the same which existed in 1872, and the first floors thereof are used for stores, the upper floors for dwellings. The defendant’s elevated railroad extends on and along Third avenue, in front of the premises, was constructed in 1878, and has been continuously operated since that time. The action was begun in 1890 and tried in 1892.
The injurious character of the physical effects of the railroad upon the plaintiff’s premises appeared from evidence which remained uncontroverted; and the awards of $1,280 for rental, and $2,000 for fee damages, find adequate support. Freúnd, a builder, real estate owner, dealer and agent, of more than twenty years active experience in the locality of the plaintiff’s premises, testified to the effect that the premises in 1873 were worth $61,000, and that the ratio of rental to fee value, then generally prevalent, was ten per cent.., but that at the time of the trial, in 1892, the ratio had declined to from seven to eight per cent The accuracy of this testimony was not challenged. From the testimony of Kyle and Kennan it appeared that the aggregate annual rental value of the plaintiff’s premises in 1892 was not above $4,576, which, at at the ratio of eight per cent, to the fee value, fixed the latter at not more than $57,200. From Freund’s testimony it is to be concluded that the rental value of the plaintiff’s premises in 1873 was $6,100, and it is apparent, therefore, that nad the premises recovered their former rental value, they would have been worth at the time of the trial, at the ratio of eight per cent., $76, 250.
*493 By fair inference from the evidence, also, the continued depression of the fee and rental values of the plaintiff’s premises was attributable to the presence of the defendant’s elevated railroad. Erennd further testified that rents generally in the locality of the premises declined from 1875 to 1880 ; but that in 1880 there began a period of gradual recovery which endured, with regard to property elsewhere than on Third avenue, until the time of the trial, at which time the rents had reached a point which was in excess of the rents of 1873. Further, that with regard -to property on Third avenue the recovery ceased about 1885 or 1886, from which time they had again declined, and at the time of the trial were from twenty to thirty per cent, below the rents of ‘1873. It was conceded that Third avenue, because of its greater traffic, was a street superior to other streets, adjacent to and crossing it. Testing the witness’ statements by the annual rents shown to have been collectible from premises other than those affected by this action, he appears to be well corroborated. Lots on First avenue, where there is no railroad, in 1873 sold for $6,500, in 1891 for $12,000. In 1873, at the ratio of ten per cent., their rental value was $650, in 1892, at. the ratio of eight percent., $960, an increase of nearly fifty per cent. Betjeman’s property at Third avenue and Thirty-sixth street, rehted in 1873 for $2,600, in 1892 for $2,100, a decrease of about twenty per cent. The Seasongood house, 764 Third avenue, in 1874 rented for $3,876, in 1892 for $3,132, a decrease of over twenty per cent. Kelner’s house, 670 Third avenue, in 1874 produced an average monthly rental of $834, which was at the rate of $4,008 annually; in 1892, the annual rental was $3,252, a decrease of about twenty per cent.
It does not follow that, because the trial judge found the fee value of the plaintiff’s premises at the time of the trial to be fully up to the value of 1873, his conclusion that the plaintiff sustained a loss to such value is without support. As already stated, if the plaintiff’s premises had shared in the recovery of the rental values of 1873, their fee value at the time of the trial, observing the changed ratio of rental to fee value, would have been $15,250, above what it was in 1873.
No error is to be predicated of the trial judge’s refusal to find that the plaintiff s premises were not damaged by the railroad structure apart from the operation of trains thereon, and vice versa. He properly found the damage to have resulted from the structure and the operation of trains, treating the two elements as integral parts of one and the same obstruction. Peyser v. Met. Ry. Co., 13 Daly, 122; Sperb v. Met. Ry. Co., 137 N Y. 155; 50 St. Rep. 204.
Evidence of the decline of rentals of property on the sam'e street with the property alleged to have been damaged, is relevant and admissible. Myers v. Met. Ry. Co., 46 St. Rep. 130; 19 N. Y. Supp. 223, The Cook Case, cited by the defendants’ counsel, Cook v. N. Y. El. R. R. Co., 3 Misc. Rep. 248; 52 St. Rep. 253, holds no more than that such evidence does not sustain the claim of damage in the absence of evidence tending to *494 show the rental value of the premises alleged to have been damaged. No error, prejudicial to the defendants, appears from other exceptions urged on this appeal.
Re taxation of the costs, so as to include the item of disbursements for the stenographer’s minutes furnished by direction of the trial judge was authorized. Baker v. Codding et al., 52 St. Rep. 416.
The judgment should be affirmed, with costs.
All concur.